LORF v. CITY OF DETROIT.

145   265
149   ³672

1. HIGHWAYS AND STREETS — PERSONAL INJURIES — ACTION BY MARRIED WOMAN—DAMAGES.

In an action by a married woman against a city for personal injuries received on a defective street, it is error to instruct that she can recover nothing for lost time or medical expenses because her husband has his action for that.

2. SAME—MUNICIPAL CORPORATIONS—LIABILITY FOR INJURIES.

In an action for injuries received on a defective street, it is error to instruct that if the city ordered an officer to make repairs it had a right to rest upon the presumption that the repairs were made as ordered.

3. NEW TRIAL—GRANT—CONDITION—INCREASING DAMAGES.

On a motion for new trial for inadequacy of damages, the court has no authority to grant the motion unless defendant pays a further sum, fixed by the court, as a condition of letting the judgment stand.

Error to Wayne; Donovan, J. Submitted April 10, 1906. (Docket No. 31.) Decided July 23, 1906.

Case by Ida G. Lorf against the city of Detroit for personal injuries. There was judgment for plaintiff for an insufficient amount, and she brings error. Reversed.

*Charles Kudner* (*M. J. Lehmann*, of counsel), for appellant.

*P. J. M. Hally* (*T. E. Tarsney*, of counsel), for appellee.

BLAIR, J. Plaintiff, a married woman, brought this action to recover damages for injuries alleged to have been occasioned by a fall upon a defective sidewalk. The testimony on behalf of plaintiff tended to show negligence on the part of defendant and injuries of a somewhat serious character. Defendant's proofs tended to show that

the plaintiff and her witnesses exaggerated the seriousness of her injuries. The jury found a verdict in favor of plaintiff for six cents damages. Afterwards plaintiff moved for a new trial upon the ground that the damages were inadequate. The decision of the court upon the motion was as follows:

"This is a motion for a new trial, claiming that six cents is inadequate damages under the proofs and cnarge. No objection is claimed on any part of the trial or charge of court, but solely on the ground first stated. It is not quite clear why the verdict was only six cents, unless in the charge it was stated that a married woman could only recover for her own injury—not for doctor's bills and lost time, as these elements were for the husband, and not for the wife. The jury was told that they should first find the city guilty or not guilty; then, if guilty, what damages has she personally suffered; that for a mere accident alone there could be no recovery. This was very nearly such an accident, which made a compromise verdict.

"As the proof showed quite an outlay for doctor's bills, and the statute allows only for personal injuries in this class of cases, I will grant a new trial, unless the defendant shall elect to pay $100 in settlement of the case, with actual costs of court and witnesses."

Plaintiff declined to accept the determination of the court and has removed the case to this court by writ of error, assigning error upon certain portions of the charge, upon rulings of the court upon the trial, and upon the decision upon the motion for a new trial.

Assignment 12½ complains of the following instruction, viz.:

"And if you should find guilty, you will remember that a married woman, living with her husband, gives her time to her husband. She is not entitled to recover anything for lost time whatever. She gives her services, her work, to her husband, and is not expected to, or cannot, recover anything for that. She cannot collect a penny. He might start a suit. She has no claim against the city for doctor's bills. She would not be entitled to any hired help—for washing, or household, or anything of the kind, even though she employed two or three servants. That would be for the husband to collect."

The trial judge was apparently of the opinion, as disclosed in his decision of the motion for a new trial, that this instruction might have affected the determination of the damages by the jury. We think his conclusion in this respect was correct, but think that the error was cured by proper instructions as to the plaintiff's measure of damages. As we have heretofore held, the instruction was erroneous. *Roberts* v. *City of Detroit*, 102 Mich. 64 (27 L. R. A. 572).

The court also erred in instructing the jury in substance that, if the city ordered an officer to make repairs, it had a right to rest upon the presumption that the repairs were made as ordered.

We are also of the opinion that the court erred in the disposition made of the motion for a new trial. We concur in the conclusion that the damages were inadequate and against the weight of the evidence, but we do not think the action of the court was warranted in requiring the plaintiff to accept $100 as her damages. The rule is well settled that in case of excessive damages the court may grant a new trial, conditioned upon the plaintiff's remitting that portion of the damages in excess of such portion as the court would not regard as excessive. But in such cases the jury has actually awarded damages, and the court does not attempt to award damages itself, but merely to determine what portion of the damages so awarded it would not regard as excessive, and then to give the plaintiff the option to avoid a new trial by remiting the excess or take the verdict of a new jury upon the subject. In the case before us, however, the jury has not awarded any damages, and the court itself must fix the damages upon conflicting testimony without any option on the part of the plaintiff to refuse the court's award. We have been unable to find any case sustaining this holding, and we think it was unauthorized and erroneous. See *Gardner* v. *Tatum*, 81 Cal. 370; *Schultz* v. *Railway Co.*, 48 Wis. 375; *Hintz* v. *Railroad Co.*, 132 Mich. 305. In the case of *Belt* v. *Laws*, L. R. 12 Q. B. Div. 356,

cited by defendant's counsel, the question, though mooted, was not determined. We do not deem it necessary to consider the other assignments, since the alleged errors, will probably not arise upon another trial.

The judgment is reversed, and a new trial ordered.

CARPENTER, C. J., and McALVAY, GRANT, and MOORE, JJ., concurred.