GOLDSMITH *v.* DETROIT, JACKSON & CHICAGO RAILWAY.

NEW TRIAL—MOTIONS—WEIGHT OF EVIDENCE—TRESPASS ON CASE
—PERSONAL INJURIES.

> The refusal of a new trial unless plaintiff should accept a
> specified sum if tendered, as his damages, for personal in-
> juries, is not warranted, although the jury rendered a judg-
> ment for defendant pursuant to argument of plaintiff's attor-
> ney that he would rather have a judgment of no cause of
> action than a small amount; and this court, on error, will
> grant a new trial on the ground that the verdict was against
> the weight of the evidence in accordance with the finding of
> the trial court on such motion.

Error to Washtenaw; Kinne, J. Submitted October
28, 1910. (Docket No. 135.) Decided March 31, 1911.

Case by Earl Goldsmith against the Detroit, Jackson
& Chicago Railway for personal injuries. Judgment for
defendant. Plaintiff brings error. Reversed.

*Lehman, Riggs & Lehman,* for appellant.

*Cavanaugh & Wedemeyer* (*Corliss, Leete & Joslyn,*
of counsel), for appellee.

BIRD, J. Plaintiff instituted this suit to recover for
personal injuries which he claims to have suffered while
riding in one of defendant's cars. On the trial of the
cause the jury returned a verdict against him. He brings
the case to this court for review.

The plaintiff resides at Wayne. While on his way
home from Detroit, on the 8th day of August, 1908, on
one of defendant's cars, it collided with another car near
the city limits. When the collision occurred, the seat in
which plaintiff was sitting and the one in front of it were
forced together, thereby catching and injuring the calves

165 MICH.—12.

of plaintiff's legs.   Upon the trial the defendant did not
contest the allegation that it was negligent, but did con-
test the question .of the extent of plaintiff's injuries.
Much testimony was introduced on this phase of the
case, and on this issue the jury found with the defendant.
Plaintiff then moved for a new trial, and the trial court,
in passing upon the motion, made the following order:

" It is ordered that a new trial be granted to said plain-
tiff in said cause, unless the said defendant, within 10
days from this date, pay to the said plaintiff the sum of
$300; and it is further ordered that, if the said defendant
offer said sum of $300 to said plaintiff or his said counsel
within 10 days from this date, and if said plaintiff de-
clines and refuses to accept the same, then it is ordered
and decreed by this court that the motion for a new trial
is denied."

Plaintiff's counsel now assigns error, *first*, on the re-
fusal of the court to grant a new trial; and, *second*, be-
cause the court granted a new trial with the conditions
annexed.

It seems to be conceded that the defendant's negligence
caused the collision, and we think the record fairly shows
that plaintiff was entitled to some damages, and he would
doubtless have recovered a small sum, had not his counsel
made the following statement to the jury in his closing
address:

"What is the use of talking about $200 or $300.   I
would rather your verdict should be 'No cause of action'
than to have it $200 or $300, because that would be add-
ing insult to injury."

It is quite probable that the jury took counsel at his
word, and gave him nothing rather than to return a small
verdict.   In view of counsel's invitation to the jury to re-
turn the verdict which they did, we should not be inclined
to disturb it, were it not for the fact that the trial court has
indicated by his order that a new trial should be granted.
When a trial judge, before whom a case has been tried,
is of the opinion that substantial justice has not been

done, and it is his opinion that a new trial should be had, we are very loath to disagree with him.    By annexing a condition that defendant should pay plaintiff $300, the trial court has made it manifest that in his opinion substantial justice was not done in the premises.    We cannot, however, agree with him as to his right to annex such a condition.    It was equivalent to the trial court himself assessing the damages.    This is the province of the jury.    This court has frequently sanctioned the reduction of verdicts where they were larger than the law would justify, but the right of a trial court to reduce a verdict under such circumstances would not carry with it the right to assess damages where the jury has refused to assess any.    The plaintiff has the right to insist that the jury shall assess the damages.    This question was passed upon in *Lorf* v. *City of Detroit*, 145 Mich. 265 (108 N. W. 661).    In that case a similar order was made, and this court held that it could not be sustained.

We agree with the trial court that the verdict was against the weight of the evidence and that a new trial should be granted, but without the conditions imposed.

The case is reversed, and a new trial ordered.

OSTRANDER, C. J., and HOOKER, MOORE, and STONE, JJ., concurred.