STANTON. *v.* FOLEY.

1. NEW TRIAL—JUDGMENT—WEIGHT OF EVIDENCE—CIVIL-DAMAGE ACTION.

    Where plaintiff was entitled to a verdict for some amount, by the great weight of the evidence, in a civil-damage action, the court exceeded its authority in denying a new trial in case defendant should pay the costs and an attorney's fee to plaintiff.

2. SAME—INTOXICATING LIQUORS—EVIDENCE.

    The verdict being contrary to the clear weight of the evidence, plaintiff was entitled to have a jury pass on the amount of damages, even though the testimony as to the same was meager.

Error to Cass; Des Voignes, J. Submitted January 10, 1912. (Docket No. 41.) Decided February 10, 1912.

Case by Ella M. Stanton against Bart Foley and another for unlawful sales of intoxicating liquors to plain-.

tiff's husband. Judgment for defendants. Plaintiff brings error. Reversed.

*Carr & Eby*, for appellant.

*Thomas J. Cavanaugh* and *James H. Kinnane*, for appellees.

Stone, J. This is an action on the case, under the statute, in which the plaintiff, a married woman, seeks to recover damages against Bart Foley, a saloon keeper, and the Michigan Bonding Company, his surety, for the selling, giving, and furnishing of spirituous and intoxicating liquors to her husband, by said Foley, between the 1st day of May, 1909, and the 1st day of May, 1910; the plaintiff claiming that her husband was then a person in the habit of getting intoxicated, and that whisky and beer were sold, furnished, given, and delivered by said Foley personally, in his saloon and in other places, while plaintiff's husband was intoxicated, and after said defendant was verbally forbidden so to do; also, that liquor was furnished by Foley's agents and bartenders. There was a good deal of evidence offered and received tending to support the declaration. There was evidence that on one occasion the plaintiff found her husband very drunk in Foley's saloon, and saw Foley furnish him with liquor while in that condition; that the plaintiff interfered and knocked the glass out of her husband's hand; that, in the presence of a number of persons, her husband swore at her and made an assault upon her; and that he was grabbed and held by a person present, which prevented the husband from getting hold of her. This is one of the many instances testified to by the plaintiff and other witnesses. The defendants claimed that plaintiff's husband had been a hard drinker during all of his married life. This was denied by the plaintiff, who claimed and testified that her husband had reformed prior to going on the Foley farm in the spring of 1908, and that she did not observe that he was drinking again until the fall of 1908.

There was a good deal of conflict in the testimony. The case was submitted to a jury by the trial judge under a very full charge, and a verdict was returned for the defendants. There was a motion for a new trial by the plaintiff, in which, among other things, it was claimed that the verdict was contrary to the evidence and contrary to the law and instructions of the court. In denying the motion for a new trial the circuit judge said, in part:

"There was abundant evidence upon the question of unlawful sales. But it must be conceded that likewise the evidence bearing upon the damages sustained was very meager. The evidence submitted in this case might impress any fair jury as being weak upon the element of damages, and, had the jury returned a verdict of six cents damages, I would not feel like disturbing the verdict. The unlawful sales were shown without doubt and clearly beyond cavil. So patent was the weight of the evidence on this issue to defendants' counsel that in their arguments to the jury they practically admitted 'that plaintiff was entitled to a judgment of six cents, but contended that under the evidence it should not exceed that sum.' The plaintiff was required by this court to give security for costs upon a motion made by the defendants' counsel about the time the case was instituted. She is a poor woman, having no property aside from the little home in which she lives. Under the weight of evidence, plaintiff was entitled to a verdict in at least the sum of six cents, thereby carrying costs of the case. I am therefore of the opinion that a new trial should be granted, and the same is hereby ordered, provided the defendant may within 30 days from and after the filing of this opinion elect to and file in writing a disclaimer and satisfaction for all costs incurred on his behalf herein, and pay to the clerk of this court for use and benefit of plaintiff an attorney fee of $30, witness fees of $15, the jury and stenographer's fees of $3, and a clerk's fee of $6, or a total of $54, and thereupon no further or other proceedings may be had hereon."

The defendants within the 30 days filed a written disclaimer and satisfaction with the clerk of the court, in accordance with the order of the circuit judge denying the motion, and also tendered to the attorneys for the plaintiff $54, which was refused. Thereupon said amount was

paid to the clerk of the court for the plaintiff. A judgment having been entered for the defendants, the plaintiff has brought the case here upon a writ of error, assigning many errors in the rulings relating to the admission of testimony, refusals of the court to charge as requested, the charge of the court, and the denial of the motion for a new trial.

An examination of the record fails to disclose any reversible error in the rulings relating to the admission of evidence.

While there is some apparent conflict between some of the defendants' requests to charge as given, and the general charge of the court, especially as to defendants' sixth and seventh requests, we are of opinion that this will be avoided upon another trial, and we do not think it necessary to make further reference thereto.

We are all of opinion, however, that the court should have granted the motion for a new trial, and that the disposition made of the motion was improper, and was without authority for the reasons pointed out in the cases of *Lorf* v. *City of Detroit*, 145 Mich. 265 (108 N. W. 661), and *Goldsmith* v. *Railway*, 165 Mich. 177 (130 N. W. 647).

We are also of opinion that the verdict was against the clear weight of the evidence, as found by the circuit judge. The plaintiff has the right to insist that the jury shall assess her damages.

The case is reversed, and a new trial ordered.

Moore, C. J., and Steere, McAlvay, Brooke, Blair, and Ostrander, JJ., concurred. Bird, J., did not sit.