387 P.2d 685

Don CORDNER and Sylvia Cordner, his wife,
Plaintiffs and Respondents,

v.

CLINGER'S INCORPORATED, a Utah cor-
poration, and Howard R. Clinger, et al.,
Defendants and Appellants.

No. 9866.

Supreme Court of Utah.

Dec. 19, 1963.

Quentin L. R. Alston, Salt Lake City, for
appellants.

Hatch & Chidester, Heber, for respond-
ents.

McDONOUGH, Justice.

This action was originated against Cling-
er's Incorporated and Howard Clinger in-
dividually by plaintiffs for damages suf-
fered as a result of defendants' failure to
convey certain real estate in accordance

with a previously agreed upon plan. After a jury verdict in their favor, plaintiffs were awarded judgment for $16,181.96 and costs. Defendants' motions for judgment non obstante veredicto and a new trial were denied.

Plaintiffs negotiated with defendant Clinger concerning the purchase of a house which Clinger owned in Salt Lake City. Clinger presented a plan to the plaintiffs which involved a four-way exchange of real estate among four different parties. The transaction arranged by Clinger included three steps: (1st) a transfer by the plaintiffs of two items (a) their equity in the Green Gables Apartments in Salt Lake City, and (b) a note executed by plaintiffs for $4,500 to the Bunkers (owners of the Villa Apartments in Afton, Wyoming) and a transfer by the Bunkers to· the plaintiffs of an equity in the Villa Apartments; (2nd) a transfer by the plaintiffs to the Griffiths, owners of the inventory in the Picabo, Idaho store, of the Villa equity; and a transfer by the Griffiths to the plaintiffs of an equity in a subdivision in Salt Lake City valued at $3,167 plus the net inventory of the Picabo store, valued at $16,500; (3rd) finally a transfer of the inventory to Clinger and a transfer from Clinger to plaintiffs of Clinger's equity in the home in Salt Lake City valued at $7,500, cancellation of the $4,500 note plaintiffs Cordner had executed to Bunkers (which Clinger had acquired by endorsement from the Bunkers), relinquishment of Clinger's commission of $2,940 (derived from selling plaintiffs' Green Gables Apartments) and execution by Clinger of a personal note to plaintiffs for the amount of $1,560. This plan was to enable plaintiffs ultimately to exchange their equity in the Green Gables Apartments for the home in Salt Lake City which Clinger owned.

The plaintiffs executed the agreements to convey their equity in Green Gables to the Bunkers and in return acquired the Villa Apartments which they then conveyed to the Griffiths. Plaintiffs, however did not take possession of the Villa Apartments. The next step was the plaintiffs' acquisition of the keys to the house which Clinger had, along with the assurance that they would receive a deed as soon as an inventory was taken at the Picabo store. After making several demands for the deed to the house, the plaintiffs were informed by Clinger that he could not go through with the transaction because he would lose money, as the inventory was well below the expected $16,500 value which he had estimated.

Plaintiffs thereupon instigated this suit for damages based upon Clinger's failure to deliver the deed to the home in Salt Lake City, execute the $1,560 personal note and cancel the $4,500 note and the $2,940 commission.

Defendants' defense was that because the plaintiffs were unable to account for $16,500 worth of inventory and therefore could not perform their part of the contract, he was justified in not performing his part of the agreement. Plaintiffs contend that they were relieved of any responsibility concerning the inventory because they had no knowledge of it except through Clinger, and it was never in their possession due to Clinger's direct acquisition from Griffiths.

In regard to the defendants' principal contention that the evidence does not support the judgment, this is to be said: The record discloses highly complicated and largely contradicting testimony. However, viewed in the light most favorable to the jury verdict, as it must be, there is substantial proof to support it. The assignments of error concerning the instructions have been examined in the light of our rules, a) requiring the submission of correct requests, b) that proper and timely objections be made to those claimed to be in error, and c) that objections to them cannot be raised for the first time on appeal. Under such rules there is no error prejudicial to the defendant which would justify nullification of the verdict and judgment.

Affirmed. Costs to plaintiffs (respondents).

HENRIOD, C. J., and CALLISTER, CROCKETT and WADE, JJ., concur.