389 P.2d 61

**Jesse P. HANSON, Plaintiff and Respondent,**

**v.**

**GENERAL BUILDERS SUPPLY COMPANY, a Utah corporation, and Stephen G. Knight, Defendants and Appellants.**

**No. 9884.**

Supreme Court of Utah.

Feb. 4, 1964.

Woodrow D. White, Salt Lake City, for appellants.

Robert W. Brandt, Hanson & Baldwin, Salt Lake City, for respondent.

13. See 109 A.L.R. 550.

HENRIOD, Chief Justice.

Appeal from a judgment entered on a verdict assessing damages against defendants. Affirmed with costs to plaintiff.

■ This case was one for personal injury and property damage arising out of a rear-end collision. The details need not be canvassed, since the court instructed the jury that there was negligence as a matter of law, to which no exception was taken before the verdict was rendered. On the contrary, at the conclusion of the evidence counsel for defendant stated in open court that "Defendants take no exceptions to the instructions as given by the court," one of which was that liability had been determined, and that the jury was to consider only the matter of extent of injury and amount of damages suffered, if any. Argument could be made that under Coray v. Southern Pac. Co.,[1] the statute automatically gives an exception to such a ruling and instruction, but there is nothing in that case to indicate that counsel affirmatively conveyed to the court that the instructions were satisfactory. Under such circumstances the rules will not justify or condone an expression by defendant of satisfaction,—without a word of objection, with the trial court's ruling as a matter of law as to the question of liability, only to change its position when it loses, otherwise it would have the enviable effect of permitting a litigant to blow hot and cold, depending on the outcome of the verdict, and giving him two trials instead of one. Had counsel said nothing the Coray case might be pertinent. Had counsel excepted to the instruction, he would have perfected his record. But having affirmatively expressed complete satisfaction with the court's action, defendants, in all fairness, are deemed to have waived any automatic statutory exception.

Only issue, therefore, is defendants' point on appeal that the verdict was engendered by passion and prejudice.

Plaintiff was 63 and had been a mechanic for 40 years. The evidence fairly indicated that after the injury, this avocation substantially was ended, and that plaintiff suffered recurrent pain, although his business, through employees, actually enjoyed a net increase after his injury. However long that might continue is a matter of conjecture, the fact remaining that should he be required to continue his life's work, he was pretty much through in that area.

■ General damages of $22,500 were awarded by the jury, which to you or me might seem somewhat exaggerated, and, depending on anyone else's personal opinion, may have been poor judgment on the part of the veniremen. The urgence on appeal, however, is that the verdict reflected passion and prejudice against the defendants. There is nothing in the record that would

1. 112 Utah 166, 185 P.2d 963 (1947).

justify this court in arriving at such a conclusion. On the contrary, an item set out by the court for the jury's assessment, viz.: damages "For future medical expense," resulted in the jury answering "None,"— hardly in keeping with any contention that the jury was impassioned or prejudiced against the defendants. Under Rule 59(a) (5), Utah Rules of Civil Procedure the excessiveness of damages must appear to have been "given under the influence of passion or prejudice." We cannot conclude, as we have stated above, that the quoted requirement is obvious in this case.

McDONOUGH, CALLISTER, CROCKETT, and WADE, JJ., concur.