403 P.2d 166

Ada **WILLIAMS** and R. Leroy **Williams,**
Plaintiffs and Appellants,

v.

Joyce J. **LLOYD,** Defendant and Respondent.

No. 10192.

Supreme Court of Utah.

June 23, 1965.

8. See Real Estate Brokers Act, Title 61, ch. 2, U.C.A.1953.
9. Supra note 6.

428

David B. Dee, Salt Lake City, for appellants.

Hansen & Baldwin, Ernest F. Baldwin, Jr., Salt Lake City, for respondent.

McDONOUGH, Justice:

Plaintiff Ada Williams sued for $20,000.-00 general damages and $3,000.00 special damages for injuries allegedly suffered to her neck and back in an automobile collision; and her husband R. Leroy Williams sued for various items of alleged loss incidental to his wife's injuries including $750.-00 anticipated to be made from hunting and trapping muskrat which he was unable to do because of the loss of use of his car; $5,000.00 loss of consortium. The issue

of defendant's liability was not contested and the case was tried to a jury upon damages only. They rendered a verdict for the plaintiff wife in the sum of $1,000.00 special damages and $500.00 general damages; and for the plaintiff husband in the sum of $150.-00 for the loss of use of his automobile. The plaintiffs regarded this verdict as entirely inadequate, moved for a new trial or additur of damages, and upon its denial, took this appeal.

In their first point urged on appeal plaintiffs complain of the conduct of the trial court in connection with the instructions to the jury. After the instructions were read, defense counsel, in the presence of the jury, called the judge's attention to his failure to instruct on the plaintiffs' burden to prove their case by a preponderance of the evidence. After a brief discussion at the bench, the judge amended his instructions and included a proper instruction on the subject mentioned. Plaintiffs stated no objection to that procedure and are therefore precluded from assigning it as error now. Rule 51, U.R.C.P., provides that "No party may assign as error the giving or the failure to give as an instruction unless he objects thereto." It is true that the requirement is not absolutely rigid, but that under the rule, and

our decisions, a review of error without such objection may be had. But this will be done only under unusual circumstances where the interests of justice urgently so demand.[1] No such circumstances existed here, and we do not share plaintiffs' apprehensions that the manner in which this instruction was handled would place undue emphasis upon it to their prejudice and deprive them of a fair trial.

The gravamen of plaintiffs' appeal is their contention that the damages awarded are so small in relation to the actual damages suffered that the trial court abused its discretion in not granting a new trial or an additur of damages to something realistically related to the damages allegedly suffered. We acknowledge the correctness of plaintiffs' contention that the majority of this court in divided decision has approved the granting of an additur under proper circumstances.[2] But we do not confront that issue here because neither the trial court, nor this court, regards the record in this case as demanding the application of that rule.

Fundamental to the problem here presented is the proposition that the determination of damages is peculiarly within

---

1. See statement in Hill v. Cloward, 14 Utah 2d 55, 58, 377 P.2d 186; See also Cordner v. Clingers Inc., 15 Utah 2d 85, 387 P.2d 685; and Hanson v. General Builders Supply Co., 15 Utah 2d 143, 389 P.2d 61.

2. Bodon v. Suhrmann, 8 Utah 2d 42, 327 P.2d 826.

the province of the jury;[3] and correlative thereto, that it is the exclusive prerogative of the jury to judge the credibility of the witnesses and to find the facts.[4] The mere fact that the plaintiffs chose to project some rather high figures in claiming damages is no indication as to what damages they may be entitled to; nor to be regarded as any guide as to what the actual damages were, or indication that the ailments and difficulties of which the plaintiffs complain, resulted from this particular collision. The amount of loss suffered must be found only from the evidence presented.

The collision left plaintiff Ada Williams without any cuts or bruises, or other objective evidence of injury. Thus whatever pain and other symptoms she suffered were subjective. Without going into any extensive detail, it can be said in summary that there is a basis in the evidence upon which the jury could reasonably believe that she suffered from pre-existing degenerative arthritis which was mainly the cause of the distress she complains of. In addition thereto, from what they could regard as inconsistencies in her testimony about her prior physical condition and her hospitalization, the jury could believe that she was something considerably less than forthright in representations made concernings those facts. The expert witnesses could only testify that the collision may have aggravated her pre-existing arthritic condition. The same general rules stated above apply to the claims made by the husband, Leroy Williams, which the jury could reasonably regard as exaggerated and as not necessarily resulting as a natural consequence of the collision.

In reference to an offer of settlement which the plaintiff had rejected, the trial court made the remark that "sometimes a good settlement is better than a lawsuit," which is often pertinent to situations such as this. When the parties have made their choice to go to trial and have had a full and fair opportunity to present their evidence and contentions and the jury has, in accordance with its prerogatives, rendered its verdict, it is not properly within the province of the court to rescue the parties from a bad choice. So long as there is any reasonable basis in the evidence to justify the verdict, it should stand.[5]

Affirmed. Costs to defendant.

CROCKETT, WADE and CALLISTER, JJ., concur.

HENRIOD, Chief Justice (concurring).

I concur. Doing so I note with some sort of satisfaction that by and large the main opinion has emasculated the decision

---

3. See Paul v. Kirkendall, 1 Utah 2d 1, 261 P.2d 670.
4. See Joseph v. W. H. Groves L. D. S. Hospital, 10 Utah 2d 94, 348 P.2d 935.

5. See Hales v. Peterson, 11 Utah 2d 411, 360 P.2d 822.

in Bodon v. Suhrmann, 8 Utah 2d 42, 327 P. 2d 826 (1958) when it says "Fundamental to the problem here presented is the proposition that the determination of damages is peculiarly within the province of the jury," thus settling the matter as to the authority of the court with respect to additurs. (See Dimick v. Schiedt, 1935, 293 U.S. 474, 55 S.Ct. 296, 301, 79 L.Ed. 603, 95 A.L.R. 1150; Lorf v. City of Detroit, 1906, 145 Mich. 265, 108 N.W. 661; Dorsey v. Barba, 1952, 38 Cal.2d 350, 240 P.2d 604.)