432 P.2d 41

Dale W. CORBRIDGE and Dorlene Corbridge, Plaintiffs and Appellants,

v.

M. MORRIN AND SON, INC., a corporation, Defendant and Respondent.

No. 10853.

Supreme Court of Utah.

Sept. 22, 1967.

Froerer, Horowitz, Parker, Richards, Thornley & Critchlow, Richard Richards, Ogden, for appellants.

Hanson & Baldwin, H. Wayne Wadsworth, Salt Lake City, for respondent.

ELLETT, Justice:

Plaintiffs appeal from a summary judgment rendered at the close of a pretrial conference. Dorlene Corbridge sued for injuries received when she fell into an unlighted

excavation in a highway, and her husband, Dale, sued for lost wages he claims to have sustained when he ceased his employment to provide for his children while his wife was in the hospital and for sums of money paid to baby sitters during his wife's convalescence.

■ We believe the motion was properly granted as to the husband because of the language of Section 30–2–4, U.C.A.1953, which is as follows:

A wife may receive the wages for her personal labor, maintain an action therefor in her own name and hold the same in her own right, and may prosecute and defend all actions for the preservation and protection of her rights and property as if unmarried. There shall be no right of recovery by the husband on account of personal injury or wrong to his wife, or for expenses connected therewith, but the wife may recover against a third person for such injury or wrong as if unmarried, and such recovery shall include expenses of medical treatment and other expenses paid or assumed by the husband.

■ The wife, if anybody, should recover the expenses incurred in connection with her injuries. The reasonable value of the services which she was unable to perform as a result of her injuries and which she otherwise would have performed would be part of her recovery if any she is entitled to.

The record shows that the court had before it an affidavit of the injured plaintiff, who will hereafter be referred to as the plaintiff, together with her deposition taken by the defendant. It seems that the court believed the plaintiff was guilty of contributory negligence as a matter of law and hence he granted the motion for summary judgment. If there were any admissions made at the pretrial hearing other than those contained in the affidavit and deposition, they are not before this court. The defendant filed no affidavits, and so the summary judgment must be granted, if at all, in the light of the undisputed statements contained in plaintiff's affidavit and deposition.

The facts as revealed in the two documents mentioned are as follows:

Plaintiff, a thirty-eight-year-old mother of four children, took those four children and three neighbor kiddies to Lagoon, a local amusement resort some eighteen miles distant from her city of Ogden. On the way out it was daytime, and she passed by a place in the highway where some sort of construction required her to detour to one side of the roadway. She returned about ten thirty p.m., and when she was some distance from the construction area, her motor ceased to function. Because she was going downgrade, she was able to coast past the nearest detour sign, where she parked on the highway to the side of the detour road. She was in a quandary as to what to do.

The night was very dark, and she was several miles from home. She had seven children in her automobile with her. A lady motorist stopped and offered to take plaintiff to a phone where she could call for aid. Traffic was heavy, and the detour road was only wide enough to accommodate one lane of traffic in each direction. Plaintiff said she would go back and advise the children and warn them to stay in the car while she went to phone. The lady motorist being aware that she was blocking traffic said she would pull around a ways because she was afraid of being hit if she stayed where she was.

After plaintiff had talked to the kiddies, she looked ahead and could see the tail lights on the car of the lady motorist who was waiting for her. She walked directly toward those lights and fell into an unlighted pit with no barricades around it. Plaintiff could not see the ground under her feet, nor did she know there was a pit in the construction area. She feared to walk on the narrow detour road because of the traffic and walked down the main highway. Her screams brought help, and she was taken to a hospital, where she was treated for a period of over three weeks.

These are the facts which the court had before it when it made its determination that plaintiff could not recover as a matter of law.

Rule 56(c), Utah Rules of Civil Procedure, insofar as material here, provides as follows:

* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In the case of Singleton v. Alexander et al, decided by this court on August 15, 1967, 19 Utah 2d 292, 431 P.2d 126, it was said:

Summary judgments are more frequently given in contract cases because of greater ease in determining the factual issues. In tort claims defendants frequently rely on affirmative defenses of accord and satisfaction, res adjudicata, collateral estoppel, etc., and such defenses are just as easy to establish as are matters of contract. However, when it comes to determining negligence, contributory negligence, and causation, courts are not in such a good position to make a total determination for here enters a prerogative of the jury to make a determination of its own, and that is: Did the conduct of a party measure up to that of the reasonably prudent man, and, if not, was it a proximate cause of the harm done? See Moore, Federal Practice, paragraphs 56.-15[1.-0], p. 2285, and 56.17[42], p. 2583;

Barron and Holtzoff, Fed.Pr. & Procedure, § 1232.1, p. 106.

■ The defendant cites cases from this court where summary judgment has been sustained against plaintiffs who stepped into dark places when they could not see what lay ahead. However, it is a different matter when one is in a dark place and cannot see any better in one direction than in another. Here the plaintiff was in total darkness, and except for the tail lights of the car ahead of her she had nothing to guide her steps. Should she stand still by the car and hope other help might come along to pick her up from where she stood, or should she go to the car of the lady who was waiting for her a short distance ahead and whose tail lights marked a course for her to follow along what appeared to be a smooth road? Should she have left her headlights on, so she could more clearly see, and risk having a dead battery when she returned with help to start the car? The jury might think she acted as a reasonably prudent person. At least, the jury should have the opportunity of determining whether under all of the surrounding circumstances she acted as a reasonably prudent person would have done. It should also determine if the circumstances were such as to require the defendant to place barricades around the pit or to give some form of illumination to warn of its presence.

We do not think the case of the injured plaintiff can be settled by a summary judgment, and we remand the case to the district court for further proceedings not inconsistent with this opinion. Costs to plaintiff.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.