458 P.2d 870

Richard N. SMITH and Ida Smith, his wife, Plaintiffs and Appellants,

v.

Ronald Eugene THORNTON, Defendant and Respondent.

No. 11422.

Supreme Court of Utah.

Sept. 23, 1969.

2. 128 Mont. 88, 270 P.2d 1112, 1117 (1954).

James A. McIntosh, Salt Lake City, for appellants.

L. E. Midgley, Salt Lake City, for respondent.

CROFT, District Judge.

This is an appeal from a judgment of dismissal entered pursuant to the trial court's order granting, at the close of plaintiffs' evidence, defendant's motion for a directed verdict. We reverse and remand the case to the district court for a new trial.

Plaintiff, Richard N. Smith, sued to recover damages for injuries sustained by him when, as a pedestrian, he was struck by defendant's car while crossing North Temple Street in Salt Lake City, Utah. Plaintiff, Ida Smith, sued for loss of consortium allegedly resulting from her husband's injuries. The case was tried to a jury and at the conclusion of plaintiffs' evidence, defendant moved for a directed verdict upon the ground that, upon the facts established by the evidence, Richard was guilty of contributory negligence as a matter of law. The trial court, concluding that reasonable minds could not differ on that issue, granted the motion. A judgment of dismissal was entered and counsel for plaintiffs moved the court to enter formal findings of fact and conclusions of law pursuant to Rule 41(b) of the Utah Rules of Civil Procedure. That motion was denied.

By well-established rule, upon a motion for a directed verdict, the trial court is obliged to view the evidence in the light most favorable to the party against whom such motion is directed. Viewing the evidence in that light in favor of plaintiffs, the pertinent facts of the collision in question may be summarized as follows:

On November 20, 1963, Richard, accompanied by two companions, parked his car on the south side of North Temple Street at a point approximately 157 feet west of the west curb line of First West Street and proceeded to walk northward across North Temple Street, a four-lane highway. There was no crosswalk; it was nighttime; the weather was clear; and the road was dry. Before proceeding, Richard looked to the west and observed that no cars were approaching from that direction. They then began crossing the street and as Richard, who was leading, reached the center line of the street, he looked to the east to see whether cars were approaching from that direction. He saw car lights on the other side of the First West-North Temple intersection and observed the traffic light turn from green to yellow. He then turned his head to the west and looked back over his left shoulder toward his two companions, saw them in back of him, kept walking and proceeded across the center line of North Temple Street. As he stepped into the inside line for the westbound traffic, he momentarily saw the headlights on defendant's car and was immediately struck, suffering serious injuries in the resulting collision.

At the time of the collision defendant was enroute to his job at the Salt Lake Airport where he worked a shift from 8:00 p. m. to 4:00 a. m. He was then driving his brother's 1962 Chevrolet Corvette, a car which he drove only occasionally. His lights were on low beam and he was traveling on the inside lane. As he approached the First West intersection, the traffic light was green but turned yellow as the vehicle reached the east line of the east crosswalk of the intersection. Upon observing that the light had turned yellow, defendant accelerated the car to hasten through the intersection, increasing his speed by approximately five miles per hour. When he cleared the crosswalk on the west side of the intersection, he took his foot off the accelerator and, for the first time, saw plaintiff and his two companions walking across his lane of traffic. Upon seeing them, defendant immediately applied his brakes and attempted to avoid them by endeavoring to turn to the right. He was unable to do so, striking Richard and one of his companions. On impact, Richard was thrown onto the engine hood and back into the windshield, breaking it. Defendant thereafter lost control of his car, when his foot slipped off the brake, and it careened first to the right, striking the curb, and then to the left, and was finally stopped about 350 feet west of the point of impact.

Measurements taken by investigating officers after the accident disclosed the point of impact to have been 156.6 feet west from the west curb line of First West Street. Defendant's car laid down 110

feet of skid marks, 44.6 feet prior to impact and 65.6 feet after impact. Plaintiff was found lying 107 feet from the point of impact.

The officer's report contained information to the effect that defendant estimated his speed at 40 miles per hour just prior to impact. Captain Ed Pitcher of the Utah Highway Patrol, applying a tested coefficient of friction to a skid mark of 100 feet, expressed the opinion that, assuming the car stopped at the end of the skid mark, a car would have to have been going 46.5 miles per hour when the brakes locked in order to lay down 100 feet of skid mark. However, as noted, in this case the car did not stop at the end of the skid mark, but careened on down the street for 285 feet beyond the end of the skid mark before being brought to a stop. The speed limit along North Temple Street was 30 miles per hour.

In Hughes v. Hooper, 19 Utah 2d 389, 431 P.2d 983, this court said:

> The rights and duties of drivers approaching intersections are questions dealing with the standard of conduct to be expected of a reasonably prudent man and are peculiarly a matter for the jury. Contributory negligence is therefore primarily to be resolved by the trier of the facts since it involves these same rights and duties. It is not to be treated as one of law unless the facts and inferences from them are free from doubt. If there is doubt, the issue is for the jury.

In Hindmarsh v. O. P. Skaggs Foodliner, 21 Utah 2d 413, 446 P.2d 410, the court said:

> The burden of proving contributory negligence is upon the defendant. The trial court could properly take the issue from the jury and rule that the plaintiff was contributorily negligent as a matter of law only if the evidence demonstrated that fact with sufficient certainty that all reasonable minds would so find. Conversely, if the evidence is such as to permit reasonable minds to differ as to whether the plaintiff was guilty of contributory negligence, the question is for the jury to decide.

The defendant has the burden of proving that plaintiff, Richard Smith, was negligent and that his negligence was a proximate cause of his injuries. Both of these issues must be proven by a preponderance of the evidence. Consequently, if there is any reasonable basis in the evidence, or from lack of evidence, upon which jurors could reasonably remain unconvinced on either issue, the court is not justified in taking the case from the jury.[1]

---

1. Ewan v. Butters, 16 Utah 2d 272, 399 P.2d 210.

■ Viewing the evidence in the light most favorable to plaintiffs, it appears that upon reaching the center line Richard looked to the east and observed headlights east of the east crosswalk of the intersection which was approximately 250 feet from the point of impact. Had defendant been traveling within the 30-mile speed limit, he would have taken about six seconds to traverse that distance. Richard was entitled to assume, in the absence of reasons for believing otherwise, that defendant was traveling within that speed limit. He did not have to assume that defendant was traveling substantially in excess of the speed limit and that he would accelerate his vehicle as he crossed the intersection. Under these circumstances we cannot say as a matter of law that reasonable minds could not differ on the issues as to whether Richard was guilty of contributory negligence or that such negligence, if any, was a proximate cause of the collision. We therefore reverse and remand the case for a new trial.

■ In doing so, we also observe that plaintiffs assert that the trial court erred in not entering formal findings of fact and conclusions of law upon granting the motion for a directed verdict. Rule 52(a) of the Utah Rules of Civil Procedure relating to findings of fact and conclusions of law states that such are unnecessary on decisions on motions under Rules 12 or 56, "or any other motion except as provided in Rule 41(b)." A motion for a directed verdict falls specifically under Rule 50, not Rule 41(b), and thus on such motion the trial court need not enter findings and conclusions in granting such a motion.

Reversed. Costs to appellants.

CROCKETT, C. J., and CALLISTER, TUCKETT, and ELLETT, JJ., concur.

HENRIOD, J., does not participate herein.