489 P.2d 433

The STATE of Utah, Plaintiff and Respondent,

v.

George Ray NEELEY, Defendant and Appellant.

No. 12423.

Supreme Court of Utah.

Oct. 4, 1971.

Sumner J. Hatch, of Hatch, McRae & Richardson, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

7. Footnote 2 above.

HENRIOD, Justice:

Appeal from a conviction of receiving stolen property, after a jury trial. Affirmed.

Three points are urged on appeal, which may be merged in two: 1) That the evidence does not support the judgment, after the court allowed an amendment of the date of the offense from the 13th to the 9th day of the month; and 2) It was error to give an additional instruction to the jury after it had gone to the jury room and in the absence of the defendant.

■ As to 1) A collection of old coins was stolen some time during the weekend of July 4, 1970, from a local home. Many were later identified by the owner and her son. One Madrid, state's witness, confessed to the theft, further stating that the coins were sold to Neeley.

On the 9th day of July, at 9:30 a. m., two police officers stopped Neeley, who had a large sack of coins in his car, which included those identified. On cross-examination there was no contention that Madrid did not take the coins. However, defense counsel says that if Madrid did sell the coins to Neeley, the evidence indicated that it had to be after the 13th of July, and even after the 9th of July, the date which was permitted by amendment. He based this on Madrid's testimony that he had been in San Francisco several days before July 10, when, on returning to Salt Lake, he as-sisted in a marriage ceremony between his sister and one Cummings, in Reno, Nevada. The latter, who at time of trial was a prisoner, and who was called as a defense witness, without contradiction testified that he and Madrid and the latter's sister left for the marriage in Reno at a time shortly after midnight of the 9th (1:30 a. m.), and that they returned the next day, on the 10th, after the marriage. Madrid's testimony as to dates and places was somewhat confusing and uncertain, which he said was because of his poor memory for dates.

The jury well may have believed Cummings since he was a participant in the marriage and likely to know its date, and because (and being a hostile witness) it corroborated the testimony of the police officers as to time, and confirmed Neeley's possession of the coins at 9:30 a. m., 16 hours before Madrid left town.

The defendant took the stand himself, admitting a burglary committed by himself for which he served time. The rest of his testimony was so self-serving, unlikely and questionable as not to have impressed the jury any more than this court, and made significant the fact that his counsel never mentioned it in his brief on appeal.

■ As to 2): We think the point to be without merit for each of a number of reasons and for an aggregate thereof, since a) there is nothing in the record supporting the irregularity urged, or b) a violation of

the statute upon which it was based (Title 77–32–3, Utah Code Annotated 1953), c) the presentation of affidavits of the judge and counsel to this court after the appeal had been taken and the official record deposited in this court, was irregular and without sanction for review here, d) that irrespective of that, with an opportunity to have done so, no one objected to the instruction given, and e) the instruction was not prejudicial to, but actually favorable to the defense in the light of the whole record.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.