493 P.2d 985

**Ronald E. ELLIS and Sarah Ellis, husband and wife, Plaintiffs and Appellants,**

**v.**

**Wanda F. HATHAWAY, Defendant and Respondent.**

**No. 12499.**

Supreme Court of Utah.

Feb. 7, 1972.

S. Rex Lewis, Howard & Lewis, Provo, for plaintiffs-appellants.

Don J. Hanson, Salt Lake City, for defendant-respondent.

ELLETT, Justice:

This is an appeal by plaintiffs from a judgment for defendant in a personal injury action. A collision occurred in an intersection controlled by a flashing traffic light: Red (stop) for the defendant and yellow (caution) for the plaintiffs. The defendant came to a stop at the edge of the favored highway and then pulled into the intersection, where a collision occurred. She did not see the plaintiffs' car until impact, although the road was straight and visibility good.

Plaintiffs are husband and wife. The husband was driving the car. He sued for injuries which he claims he received to his neck. The wife sued for claimed loss of support, companionship, love, and affection. She does not call it consortium.

■ The wife has no basis for her action. At common law she could not sue for loss of consortium, and under the Married Women's Act no cause of action was given to her for negligent injury to her husband. Our statute [1] placed husband and wife on an equal basis by saying: ". . . There shall be no right of recovery by the husband on account of personal injury or wrong to his wife, . . ."

The husband, hereafter called plaintiff, settled his cause of action for his personal injuries one month after it occurred and was paid $859.00 for doing so. He claims that it was an injury to his hand for which he settled and that both he and the insurance adjuster for the defendant so understood. He now claims that subsequent to the settlement he became aware of an injury to his cervical spine, and he is seeking damages for this claimed injury.

His case was tried to a jury, and he complains about the giving of an instruction on unavoidable accident. The defendant neither relied upon the doctrine nor requested such an instruction. The court gave the instruction on his own initiative.

■ We think the instruction was not warranted and would tend to mislead the jury. However, the plaintiff had two burdens before he could recover: (a) He had to get the settlement set aside, and (b) he had to show negligence on the part of the defendant.

The plaintiff successfully resisted a motion of the defendant to try the issue of settlement separate and apart from the issue of negligence and damage. The plaintiff also successfully opposed the motion of the defendant to have the court give written interrogatories regarding the two issues. Since the court gave a general verdict, it cannot be determined whether the jury held for the defendant because it

1. Section 30-2-4, U.C.A.1953.

thought the settlement precluded plaintiff from further recovery or because it thought the accident was unavoidable.

There is no complaint made about the instructions given regarding the settlement issue, and if the verdict was given defendant because the jury did not believe the settlement was only for injuries to plaintiff's hand, then any errors regarding liability would not be important.

By insisting that the two issues be tried together and decided by one general verdict, the plaintiff is in no position to complain because he cannot now show that the faulty instruction might have been the cause of an adverse verdict.

The judgment of the trial court is affirmed. The respondent is awarded costs.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.