Sydney A. TJAS and Charles P. TJAS, Plaintiffs and Appellants,

v.

Kenneth D. PROCTOR and Roma Proctor, his wife, Defendants and Respondents.

No. 14788.

Supreme Court of Utah.

Feb. 2, 1979.

---

2. Larson's Workmen's Compensation Law, Volume 3 (1953 edition and 1978 Supp.).

James A. McIntosh of McMurray, McIntosh, Butler & Nielsen, Salt Lake City, for plaintiffs and appellants.

F. Robert Bayle, Salt Lake City, for defendants and respondents.

DEE, District Judge:

Plaintiffs Sydney A. Tjas and Charles P. Tjas brought this action for injuries sustained by Sydney A. Tjas allegedly suffered at the residence of the defendants when a porch ornamental and decorative upright came loose as Mrs. Tjas took hold of this iron upright on leaving the Proctor residence. From a jury verdict, No Cause For Action (6 to 2) plaintiff appeals.

The facts presented to the jury are that the defendant, Roma Proctor, was an Avon Lady selling and delivering products door-to-door. She did not sell or display products in her home but delivered the requested products to her customers at their homes. Plaintiff Mrs. Tjas had ordered some products from Mrs. Proctor but because Mrs. Tjas was unable to make payment for the products when they were received by Mrs. Proctor, Mrs. Proctor kept the products in her home, advised Mrs. Tjas that she had the products and that she would make delivery to Mrs. Tjas when payment could be made. The conversation concerning the availability of the products was had by telephone and there is a dispute in the facts as to whether or not plaintiff, Mrs. Tjas, had been requested to pick the products up at the home of defendant Mrs. Proctor.

Plaintiff Mrs. Tjas arrived at the defendant's home according to the testimony of the defendant unexpectedly and uninvited, picked up the products which defendant had in her home and on leaving the home took hold of an ornamental iron decorative member which ran from the floor of the porch to the ceiling of the porch, and as she moved off the porch this iron decoration came loose and allegedly injured Mrs. Tjas.

There is substantial conflict in the medical testimony as to the extent, permanency and nature of the injuries sustained by plaintiff, Mrs. Tjas. Mr. Proctor, co-defendant, testified that on inquiry after the fall Mrs. Tjas stated that she had not been injured.

During the course of the trial, the trial court dismissed the Complaint against the defendant Kenneth D. Proctor; dismissed the Complaint of co-plaintiff Charles P. Tjas for loss of consortium and on request of the jury, in a not too articulate manner, explained the difference between two instructions that one of the jurors thought were inconsistent but in finality the court advised the jurors to read the instructions "together" and if they were still troubled a further instruction would be given. The jury did not return for further instructions and returned the No Cause verdict after due deliberation.

At the time the jury requested additional explanation plaintiff's counsel was absent from the court building but had left instruction with the clerk to be called in the event of the return of the jury though it appears that the plaintiffs themselves were present during this period.

■ Appellants raise four general categories alleging error on the part of the trial court. Raising a plethora of issues on the question of fair trial, appellants complain that the trial court failed to give adequate instructions, did not protect the plaintiff (appellant) from harm or prejudice which might have influenced the jury in its handling of Mrs. Proctor's medical condition, failed to allow particular argument relating to per diem loss and did not allow Mr. Tjas to plea for loss of consortium. The record contains instructions given by the court which protected appellants' theory for recovery and the appellants therefore cannot now complain that the instructions were inadequate. The court was sensitive to the nature of Mrs. Proctor's illness and to avoid the kind of problem herein raised by appellants referred to it when required as a "medical problem" rather than to indicate that the defendant had a kidney disease and required extensive use of dialysis treatment to maintain her life support requirements. The facts are that Mrs. Proctor was using the dialysis machine when Mrs. Tjas came to pick up her Avon supplies and because of the appellant's suggestion, the court properly handled this question very delicately so as to avoid any improper inferences.

■ Additionally, as part of the claim for failure to provide a fair trial, appellants contend that the trial court during voir dire failed to ask the jurors questions which he requested. These questions particularly as they raise the issue of insurance are and were properly refused as this Court has previously indicated:

That the question of insurance is immaterial and should not be injected into the trial; and it is the duty of both counsel and the court to guard against it.[1]

■ Plaintiffs (appellants) here requested the replaying of a tape recording but failed to lay a proper foundation for the introduction of that evidence and without a proper foundation the trial court properly excluded this replaying. The determination of adequate foundation is solely within the discretion of the trial court and herein not abused.

■ An attempt was made to argue the loss of Mrs. Tjas on a per diem basis and the trial court referring to the case law in this jurisdiction properly held that a fair trial was not being denied and the per diem argument rejection was proper.[2]

■ By legislative determination and supporting case law a wife is permitted to recover for loss of service to her family as a result of her injuries and this loss, sometimes referred to as consortium, is properly part of the wife's claim only. The statute clearly states:

A wife may receive the wages for her personal labor, maintain an action therefor in her own name . . . [3]

Utah cases and as those cases have been summarized and followed in Federal Court conclude that a husband may not maintain a loss of consortium action for the claimed negligent injury to his wife.[4] For all of the foregoing reasons the appellants were not denied a fair trial.

■ Trial court error is alleged in the dismissal of Kenneth Proctor from the action. The record reflects that Mr. Proctor did not own the home he occupied and had no interest in the visit of Mrs. Tjas to the

---

1. See *Robinson v. Hreinson,* 17 Utah 2d 261, 409 P.2d 121 (1965).

2. See *Olsen v. Preferred Risk Mutual Insurance Company,* 11 Utah 2d 23, 354 P.2d 575 (1967).

3. See Section 30–2–4, U.C.A.1953, wherein the statute clearly states "a wife may receive the

wages for her personal labor, maintain an action therefor in her own name . . . ."

4. See *Corbridge v. M. Morrin & Son, Inc.,* 19 Utah 2d 409, 432 P.2d 41 (1967); *Black v. United States,* 263 F.Supp. 470 (D.Utah 1967).

home, nor reason to suspect that Mrs. Tjas would visit. In fact, Mrs. Tjas' visit had nothing to do with him and the trial court found that appellants had the burden of establishing that Mr. Proctor was in possession with intent to control before any duty could be placed on him and this they failed to do and Mr. Proctor was properly dismissed.

■ Appellants' counsel after submission of the case to the jury, left the court building and claims in his brief to have left instruction for a call if needed though this instruction is not in the record. The jury requested a conference with the court and returned to the courtroom so that one juror could ask for clarification of the instructions. The court attempted an explanation, told the jury to reread the questions and instructions together and if further instruction was needed to advise. No such request was made and the jury returned a "No Cause For Action" verdict. This conduct does not violate Utah Rules of Civil Procedure [5] nor this Court's recent holding.[6] The conduct of the court does not constitute substantial or prejudicial error such that the result would have been different had it not taken place. The policy of the court has been explained heretofore on this question and stands.[7]

Appellants claim error for giving an instruction offered in their behalf and we see no justification for holding that the trial court faulted here nor do we know whereof appellant complains. Because of the conflict in the testimony, the trial court instructed as to the definition of "invitee" and "licensee" to enable the jury to determine appellant's status while at the Proctor home. Whether the selection of this status

was the basis of the "No Cause" verdict or whether it came as a result of disbelief as to appellant's injuries or the cause of them the record is silent.

■ This Court has held to a doctrine based on the concept that a person's status when injured is controlling on the question of liability. The duty owed by a property owner to one who is injured on his property depends on whether that person is an "invitee," or a "licensee" or a "trespasser." These restrictive rules are found in The Restatement of Torts 2d, Sections 329 through 343. The idea of categorizing status came into being because of the special privileges the common law afforded to land owners. This view has persisted and finds its most recent expression by this Court as consistent with the majority of jurisdictions.[8]

The trial court acted properly in the conduct of this case and the judgment is affirmed, costs to respondents.

CROCKETT, C. J., and WILKINS, J., concur.

MAUGHAN, J., concurs in result.

HALL, J., having disqualified himself, does not participate herein.

STEWART, J., does not participate herein.

---

5. Utah Rules of Civil Procedure, Rule 47(n) as to the giving of additional instructions though in this case the record indicates no additional instruction was given but the jury requested to reread the instructions already given on the question of "licensee" and "invitee."

6. See *State v. Neeley,* 26 Utah 2d 334, 489 P.2d 433.

7. See *Hales v. Peterson,* 11 Utah 2d 411, 360 P.2d 822 (1961) wherein this Court stated "and

the judgment should not be disturbed unless it is shown that there is error which is substantial and prejudicial in the sense that it appears that there is a reasonable likelihood that the result would have been different in the absence of such error, which we have concluded does not exist here."

8. See *Stevens v. Salt Lake County,* 25 Utah 2d 168, 478 P.2d 496 (1970); and *Cannon v. Oviatt,* 520 P.2d 883 (1974).