**Gerry C. WOLLAM, et al., Plaintiff,**

v.

**KENNECOTT CORPORATION, Defendant and Third-Party Plaintiff,**

v.

**STOCKMAR INDUSTRIES INTERMOUNTAIN, Third-Party Defendant.**

**Civ. No. C85–0786G.**

United States District Court,
D. Utah,
Central Division.

Oct. 1, 1986.

Ann Wasserman, Salt Lake City, Utah, for plaintiff.

James E. Elegante, Salt Lake City, Utah, for defendant and third-party defendant.

Dennis Ferguson, Salt Lake City, Utah, for third-party defendant.

## MEMORANDUM DECISION AND ORDER

J. THOMAS GREENE, District Judge.

This matter came on regularly for hearing on September 8, 1986, on defendant Kennecott Corporation's Motion for Partial Summary Judgment. Plaintiffs were represented by Ann Wasserman, defendant was represented by James M. Elegante, and third-party defendant Stockmar Industries Intermountain, Inc., was represented by Dennis Ferguson. Plaintiffs and defendant submitted memorandums of law and the court heard oral argument, after which the court took the matter under advisement. The court now being fully advised, sets forth its Memorandum Decision and Order.

## FACTUAL BACKGROUND

On March 5, 1985, plaintiff, Gerry C. Wollam was in the employ of Stockmar Industries Intermountain, Inc., in the capacity of construction worker and insulation installer. On that date he was on the roof of the Anode Building installing preshaped insulation on steam pipes. Defendant Kennecott Corporation owns and operates the Anode Building. Plaintiff alleges that defendant negligently attempted to cover a hole in the roof of the Anode Building with a loosely fitted sheet of fiberglass. Plaintiff further alleges that as a result of de-

fendant's negligence he fell through the hole to the ground twenty-five feet below, thereby sustaining severe injuries including paralysis of his lower extremities.

Plaintiff, Julie Wollam, wife of Gerry C. Wollam, alleges that she suffered injuries that are distinct and additional to those suffered by her husband. In plaintiffs' second cause of action, Julie Wollam alleges that defendant's negligence "will continue to cause her unhappiness, interference with her right to consortium and sexual enjoyment, and prevent her from having the full and complete married life to which she is entitled."

As a third distinct cause of action, plaintiff Julie Wollam brings an action on behalf of her infant son, Justin Wollam, to recover for loss to the "full companionship, care, nurture, assistance and society of his father ... to which Justin is entitled...."

## LEGAL ANALYSIS

Defendant has brought a Motion for Partial Summary Judgment contending that plaintiffs' second and third causes of action are in the nature of consortium and that under Utah law no recovery is permitted for loss of consortium. Plaintiffs argue that the Utah Supreme Court has not directly or definitively decided the question. It is urged that the Utah court has merely cited, without comment, an opinion by this court which interpreted Utah law as not recognizing loss of consortium, and thus this court is free to remedy the prior "bad" law. After considering the cases cited by the parties and other relevant authority, this court holds that under Utah law neither a spouse nor a child of an injured party may recover for loss of consortium.

In February 1967, federal district court Judge A. Sherman Christensen, in *Black v. United States*, 263 F.Supp. 470 (D.Utah 1967), considered the question that is presented today. In *Black* the court recognized that the Utah Supreme Court had not considered the question, and that the role of the federal district court in such circumstances is to "ascertain the best it can from all available sources what local law is and

apply it." *Id.* at 472–73. Of central importance to the court's determination was the proper interpretation of the Utah Married Women's Act:

A wife may receive the wages for her personal labor, maintain an action therefor in her own name and hold the same in her own right, and may prosecute and defend all actions for the preservation and protection of her rights and property as if unmarried. *There shall be no right of recovery by the husband on account of personal injury or wrong to his wife, or for expenses connected therewith, but the wife may recover against a third person for such injury or wrong as if unmarried,* and such recovery shall include expenses of medical treatment and other expenses paid or assumed by the husband.

Utah Code Ann. § 30–2–4 (1984) (emphasis added). The statute, along with similar statutes in many states, was passed in the latter half of the nineteenth century with the clear purpose of removing the obstacles to a married woman suing and being sued. Nevertheless, as Judge Christensen recognized, the statute left unanswered the critical question:

[It is] unanswered whether in stripping the husband of any right of recovery "for personal injuries sustained by the wife arising out of the tort of the third person," the statute leaves him a right to recover "for" consequential damages or expenses sustained *"by himself arising out of the tort of a third person."*

263 F.Supp. 476 (emphasis added). In concluding that the statute implicitly prevented a spouse from recovering for his or her own loss as a result of injury to their spouse, Judge Christensen relied on two grounds. The first was that in comparison with other statutes the Utah language was unique in dealing expressly with personal injury to the spouse. Judge Christensen concluded that the legislature intended to distinguish the Utah statute from similar Married Women's acts from which it derived, and that allowed recovery for loss of consortium. *Id.* at 473. The second basis

was the judge's perception, based on his own experience and discussions with "seasoned trial attorneys," that the longstanding interpretation within the Utah Bar was that there could be no recovery. *Id.* at 477–78.

The central question in this case is whether under Utah law a spouse may recover for his or her *own* consequential damages in connection with tortious injury to a spouse. Couched in the form urged by plaintiff, the question is whether the Utah Supreme Court has adopted and would follow Judge Christensen's opinion in *Black.*

The first reported Utah Supreme Court case to mention "loss of consortium" in a context similar to this case[1] was *Williams v. Lloyd,* 16 Utah 2d 427, 403 P.2d 166 (1965). In *Williams* a number of claims were asserted, including a claim by a husband for loss of consortium as a result of an automobile accident in which his wife was injured. The Utah Supreme Court did not question the propriety of the claim but merely affirmed the jury verdict in all respects, including its failure to make any award for loss of consortium. *Id.* 403 P.2d at 168. Next, in *Smith v. Thornton,* 23 Utah 2d 110, 458 P.2d 870 (1969) a number of claims were again asserted, including a wife's claim for lost consortium as a result of injuries sustained by her husband in an automobile-pedestrian accident. The Utah Supreme Court in *Smith* reversed in all respects the trial court's grant of a directed verdict on all claims and ordered a new trial. *Id.* 458 P.2d at 872. Neither *Williams* nor *Smith* discussed the propriety of a claim for loss of consortium as a separate cause of action.

Another Utah case which deals with "loss of consortium" is *Corbridge v. M. Morrin and Son, Inc.,* 19 Utah 2d 409, 432 P.2d 41 (1967). In that case a husband sued for "lost wages when he ceased employment to provide for the children ... [and] for sums of money paid to baby sitters during his wife's convalescence." *Id.*

The Utah Supreme Court denied relief, stating: "The wife, if anybody, should recover the expenses incurred in connection with her injuries. [The measure of that damage is the] reasonable value of the services which she was unable to perform...." *Id.* 432 P.2d at 42. *Corbridge* is thus distinguishable from the case at bar because in *Corbridge* it was the loss of the wife's *services* for which the husband was trying to recover. That request for relief was a carry over from the common law notion of "loss of consortium" which allowed a husband to recover for the proprietary interest he possessed in his wife's services. *See Nelson v. Jacobsen,* 669 P.2d 1207, 1224–25 (Utah 1983) (Durham, J. dissenting).

Defendant quotes *Tjas v. Proctor,* 591 P.2d 438 (Utah 1979) wherein the court stated: "[A] husband may not maintain a loss of consortium action for the claimed negligent injury to his wife." *Id.* at 440 (citing *Corbridge* and *Brown*). However, *Tjas* suffers from the same ambiguity that exists in *Corbridge.* The court in *Tjas* said: "By legislative determination and supporting case law a wife is permitted to recover for *loss of services* to her family as a result of *her injuries* and this loss, sometimes referred to as consortium, is properly part of the wife's claim only." *Id.* at 440. It appears that the court in *Tjas* reaffirmed its rejection of common law proprietary interest of a husband in his wife's services, known as "consortium." It is not altogether clear whether the court in *Tjas* would reject a claim, as in this case, for a spouse's own injury as a result of lost companionship, love, affection and sexual enjoyment.

In *Ellis v. Hathaway,* 27 Utah 2d 143, 493 P.2d 985 (1972), the Utah court expressly dealt with a claim by a spouse for "loss of support, companionship, love, and affection" as a result of an injury to the other spouse. *Id.* 493 P.2d 985, at 986. In that case the Utah Supreme Court held:

---

[1]. The court is excluding claims for wrongful death or alienation of affection in which loss of consortium may be a part of the relief sought.

The wife has no basis for her action. At common law she could not sue for loss of consortium, and under the Married Women's Act no cause of action was given to her for negligent injury to her husband. Our statute [Utah Code Ann. § 30–2–4] placed husband and wife on an equal basis by saying: "... There shall be no right of recovery by the husband on account of personal injury or wrong to his wife, ..."

*Id.* Plaintiff attempts to distinguish *Ellis* on the basis that the court did not expressly state that the damage to the spouse seeking consortium was that spouse's *own injury.* However, the court in *Ellis* expressly dealt with the type of injury alleged here. The ambiguity of *Tjas* and *Corbridge* is not present. Plaintiff nevertheless argues that the Utah court's short-shrift analysis does not denote a conscious holding that a spouse may not recover for his or her own lost companionship and affection. Although the Utah Supreme Court did not analyze at length the policy behind not allowing recovery for lost companionship, love and affection, we find no basis for plaintiff's assertion that there is "some assurance" that the Utah court will reverse itself. *See Meredith v. Winter Haven,* 320 U.S. 228, 234, 64 S.Ct. 7, 10, 88 L.Ed. 9 (1943). The *Ellis* court based its holding in part on Utah Code Ann. § 30–2–4, and although the statute is readily subject to an alternative interpretation, the court's interpretation was not unreasonable. The Utah Supreme Court's posture to affirm *Ellis* is reinforced by a later citation to that case.[2] This court is bound to follow state law under *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

No authority has been brought to the attention of this court wherein the Utah Supreme Court has dealt with loss of consortium by the child of an injured party. However, counsel for plaintiff acknowledged in oral argument that there is little theoretical basis for distinguishing between claims for consortium by a spouse and a child. Accordingly, the *Ellis* case appears to bar such claims by Justine Wollam, the child of the injured party. Defendant's Motion for Partial Summary Judgment is granted, and plaintiffs' second and third claims for relief are hereby dismissed.[3]

This Memorandum Decision and Order will suffice as the court's final action on these motions; no further Order need be prepared by counsel.

IT IS SO ORDERED.

---

**2.** *See Gillespie v. Southern Utah State College,* 669 P.2d 861, 865 (Utah 1983). The court in *Gillespie* noted that the trial court had dismissed a claim for loss of consortium based on *Ellis.*

**3.** Defendant in its Motion for Partial Summary Judgment seeks a ruling by the court that Julie Wollam and Justine Wollam may not recover for emotional distress. Counsel for plaintiff represented at oral argument that plaintiff's claims do not request recovery for emotional distress. In any event, because the court has dismissed plaintiff's second and third claims for relief it is unnecessary to rule on that portion of defendant's motion.