352 P.2d 776

**COUNTRY CLUB FOODS, Plaintiff and Respondent,**

v.

**Gale V. BARNEY, Defendant and Appellant.**

No. 9192.

Supreme Court of Utah.

June 3, 1960.

Kipp & Charlier, D. Gary Christian, Salt Lake City, for appellant.

Bushnell, Crandall & Beesley, Salt Lake City, for respondent.

CALLISTER, Justice.

Defendant appeals from a judgment for plaintiff for damages resulting from a collision at the intersection of Sixth East and Third South Streets in Price, Utah. Plaintiff's agent, Lavoy B. Gale, driving a ton and a half truck, was proceeding south along Sixth East at approximately 20 to 25 miles per hour. Mr. Gale was about one-quarter block from the intersection when he noticed defendant's pickup truck one-half block away on Third South, approaching the intersection from the west. There is a flat, vacant field at the northwest corner of the intersection so that both drivers had an unobstructed view of the other's vehicle. Nevertheless, Gale was not able to estimate the speed of defendant's truck nor did he notice it again until a split second before the impact. At that point he accelerated his speed and swerved to the left in an attempt to avoid the accident. The front end of defendant's vehicle hit the right rear section of plaintiff's truck, which was south of the center line of the intersection when the accident occurred. Defendant estimated his speed at around 15 miles per hour.

The trial judge, sitting without a jury, determined that plaintiff's truck had the right of way by virtue of being the first vehicle to enter an open intersection,[1] and that defendant was negligent in failing to yield. He also found that although there might have been some negligence on the part of plaintiff's agent Gale, his negligence, if any, was not the proximate cause of the collision. Accordingly, defendant's counterclaim was disallowed and judgment was entered for the plaintiff.

Defendant argues that Gale was contributorily negligent as a matter of law and therefore plaintiff is barred from recovery. He asserts that Gale's failure to observe more closely the movements of defendant's approaching vehicle was negligent and proximately caused the collision.

---

1. 41-6-72, U.C.A.1953.

It is true that the mere fact that a driver has the right of way does not excuse him from exercising due care and keeping a proper lookout to avoid collisions with vehicles failing to yield. However, the nice adjustment of rights and duties of drivers approaching intersections has been fully discussed in former opinions. We have frequently emphasized that these intricate questions are primarily problems to be resolved by the trier of fact.[2] Only when reasonable minds could not differ in reaching a contrary determination does it become necessary to upset these factual resolutions.

We are not prepared to hold that as a matter of law, plaintiff's agent should have observed more closely defendant's approaching vehicle nor that his failure to do so was a proximate cause of the collision.

In so holding, we do not overlook the fact that the trial judge alluded to the possibility of some negligence on the part of Gale. It is entirely reasonable to conclude that had he looked again, Gale might still have received the impression that defendant, proceeding at a slower rate of speed, intended to yield, and therefore Gale's negligence, if any, was not the proximate cause of the accident.

Since reasonable minds could differ in resolving the questions of contributory negligence and proximate cause, we cannot disturb the trial judge's determination of them.

Affirmed. Costs to respondent.

CROCKETT, C. J., and WADE, HENRIOD and McDONOUGH, JJ., concur.

2. Williams v. Zions Coop. Mercantile Institution, 1957, 6 Utah 2d 283, 312 P.2d 564; Bates v. Burns, 1955, 3 Utah 2d 180, 281 P.2d 209; Martin v. Stevens, 1952, 121 Utah 484, 243 P.2d 747.