389 P.2d 710

**Calvin H. JOHNSON, Plaintiff and Appellant,**

**v.**

**CORNWALL WAREHOUSE COMPANY, and Ernest James, Defendants and Respondents, and Cross Appellants.**

**No. 9921.**

Supreme Court of Utah.

Feb. 28, 1964.

Dwight L. King, Gayle Dean Hunt, Salt Lake City, for plaintiff and appellant.

Raymond M. Berry, Salt Lake City, for defendants and respondents.

WADE, Justice.

Calvin H. Johnson, plaintiff below and appellant herein, appeals from a judgment of nonsuit by the court notwithstanding a jury verdict in his favor granting damages for his automobile and for personal injuries suffered in an intersection collision between his car and a truck owned by the Cornwall Warehouse Company and being driven by its agent and employee, Ernest James, the defendants and respondents herein.

The collision occurred in the intersection of Second South and Third West Streets in Salt Lake City, Utah. Neither driver saw the other car in the intersection until just before the impact. In a special verdict submitted to them on the question of contributory negligence of the plaintiff the jury found there was not a preponderance of the evidence either way as to whether he kept a proper lookout, but found that he did not fail to yield the right of way nor did he fail to have his automobile under control. The court nevertheless concluded that plaintiff was guilty of contributory negligence in failing to keep a proper lookout, and in failing to yield the right of way to defendants' vehicle which had entered the intersection first and at a time when plaintiff was not in the intersection or so close as to constitute an immediate hazard.

In view of the jury's findings we view the evidence in a light most favorable to plaintiff. In such a light it would appear that plaintiff first observed the truck which collided with his car when it was stopped at a stop sign on the north side of Second South and Third West as he was traveling in an easterly direction while crossing some railroad tracks west of Third West on Second South when he was about 150 feet from the intersection and again when he was about 75 feet from the intersection of those

streets. As he continued traveling he looked to the south and east and had entered the intersection when he looked to the north again which was immediately before he was struck by the truck. He was traveling between 20 and 25 miles per hour. He was the favored driver to enter the intersection first if a vehicle was not already in it or so close to coming in as to constitute a hazard since he was traveling in an easterly direction and for traffic traveling in an easterly direction Second South Street was a through street[1] at its intersection with Third West Street. At that intersection there are stop signs for north, south and westbound traffic but not for eastbound traffic. The accident occurred about 4:45 p. m. when traffic was heavy. Plaintiff was almost two-thirds across Third West Street when the left rear side of his car was hit by the truck. The intersection is about 95 feet wide on Third West and about 92 feet wide on Second South from curb to curb.

 The driver of the truck estimated that plaintiff's car was about 100 feet away from the intersection when a traffic break occurred and he started to get into the intersection to make the turn into Second South. He estimated his speed as between 7 and 10 miles per hour, although he had no speedometer in his truck. Plaintiff in the short space of time he saw the truck had the impression it was barreling into him. From the physical evidence it appears that plaintiff's car was approximately 78 feet east of the west curb of Third West Street while the truck was about 56 feet south of the north curb of Second South Street when the impact occurred.

Although from the testimony of the driver of the truck it could have been found that he first observed plaintiff's car when it was about 200 or 150 feet from the west curb of Third West and about 100 feet away from the intersection when he started to make his turn at a speed of about 5 to 10 miles per hour, these were mere estimates and the jury was not bound to believe them. The jury found that plaintiff had not failed to yield the right of way. Such a finding can only be consonant with a belief by the jury that the truck entered the intersection after plaintiff's car had already entered or at a time when plaintiff's car was close to the intersection and traveling at a rate of speed which would constitute an immediate hazard.

The traffic was heavy. From plaintiff's testimony the jury could reasonably have found that the truck was still stopped at the stop sign when plaintiff was 75 feet away from the intersection when again observed by him before the collision. That plaintiff having observed the truck still stopped and being on a through street con-

1. Sec. 41-6-74, U.C.A.1953 as amended Laws of Utah 1961, Chap. 86, Sec. 1.

tinued driving while observing traffic to the south and east. Thus there was a reasonable basis in the evidence for a finding that plaintiff was not guilty of contributory negligence as a matter of law in failing to avoid allowing the truck to run into the left rear end of his car. The question of whether plaintiff under the circumstances disclosed by the evidence was guilty of contributory negligence which proximately caused the collision was one for determination by the jury. The court therefore erred in concluding that plaintiff was guilty of contributory negligence as a matter of law and granting a judgment of nonsuit against him.

Defendants contend that even though this court should conclude that under the facts of this case plaintiff's contributory negligence was a jury question nevertheless the jury's verdict should not be reinstated because the court prejudicially erred in two of its instructions. We agree.

■ The court instructed the jury that defendant truck driver after stopping at the stop sign proceeded into the intersection to make a left-hand turn without keeping a proper lookout for traffic in the position of plaintiff and at a time when it was not safe to enter and therefore the court found as a matter of law that defendant was negligent. Defendant driver had testified that he saw plaintiff's car crossing the railroad tracks as he started to enter the intersection to make his left turn at which time he estimated the car to be about 200, 150 or 100 feet from the west curb of Second South and Third West Streets and judged that he had plenty of time to safely enter and make his turn. In view of the discrepancies in the evidence as to how far west of the intersection plaintiff's car was at the time defendant driver entered the intersection, it was a fact which the jury should have determined whether defendant driver proceeded into the intersection without keeping a proper lookout and at a time it was not safe to enter.

■ Under the provisions of Sec. 41–6–74.10,[2] it is deemed prima facie evidence of failure to yield the right of way for a driver who has driven past a "yield" or "stop" sign and collides with a car having a right of way in an intersection. The court instructed the jury that the entry of the defendant driver "into a highway controlled by a stop sign and his being involved in a collision in the intersection, in this case, is prima facie evidence that plaintiff had the right of way. * * *" This instruction is erroneous because it assumes that because plaintiff's entrance into the intersection was from a street not regulated by a stop sign whereas the defendants' vehicle was from such a street, the plaintiff had the right of way. As we have shown above the evidence in this case is not such as to warrant a finding as a matter of law as to which driver had the right of way. Whether plaintiff

2. Sec. 41–6–74.10, U.C.A.1953 as amended Laws of Utah 1961, Chap. 86, Sec. 2.

was or was not in the intersection or so close thereto as to constitute an immediate hazard to defendant's entering or proceeding into the intersection was one for determination by the jury. If a jury should find that plaintiff was not in the intersection or so close thereto as to constitute an immediate hazard when defendants' vehicle entered the intersection then plaintiff would not have the right of way and the collision therein could not be deemed prima facie evidence of defendants' failure to yield to such right of way.

Reversed with instructions to grant a new trial. Costs to appellant.

HENRIOD, C. J., and McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.