396 P.2d 749

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Carl Lee HARTLEY, Defendant and Appellant.**

**No. 10131.**

Supreme Court of Utah.

Nov. 23, 1964.

1. See Heathman v. Hatch, 13 Utah 2d 266, 372 P.2d 990.

Jimi Mitsunaga, Salt Lake City, for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Chief Asst. Atty. Gen., Salt Lake City, for respondent.

WADE, Justice.

Defendant Hartley appeals from a conviction by a jury verdict of second degree burglary of a home in Logan about midnight between the last day of August and the first day of September, 1963. At the time in question the home owner, Mrs. Watterson, was absent. A neighbor heard some commotion in the house and called the Logan police. The police upon arrival watched the home for some time. They could see lights go off and on, hear glass breakage and rummaging. Then the de-

fendant, Hartley, and a companion came out of the front door. The companion had some sacks and a crow bar, and Hartley had some bottles of beer and wine.

The police arrested the defendant. Later his car was found in the neighborhood with the smell of liquor and empty bottles in it. It was apparent that defendant Hartley had been drinking. Hartley's main defense was that by reason of being intoxicated he did not have the particular purpose, motive or intent necessary to constitute second-degree burglary.

Defendant urges two grounds for reversal: 1) That the jury instructions were "repetitious, duplicitous, confusing, misleading and does not represent the law." 2) "The court erred in making the unsolicited comment to the jury to the effect that if the defendant was so stupidly drunk that he did not know anything, the jury just as well bring in a verdict of not guilty." We find no merit to these contentions.

1) Although somewhat long and repetitious,[1] instruction No. 8 was not prejudicial. Sec. 76-9-3 U.C.A.1953 provides that: "Every person who, in the nighttime forcibly breaks and enters, or without force enters an open door, window or other aperture of, any house * * * with intent to

1. See Fowler v. Medical Arts Building, 112 Utah 367, at 377–379, 188 P.2d 711 at 715–717; State v. Cobo, 90 Utah 89, 60 P.2d 952; State v. Russell, 106 Utah 116, 145 P.2d 1003; State v. Roedl, 107 Utah 538, 155 P.2d 741; State v. Thompson, 110 Utah 113, 170 P.2d 153; State v. Trujillo, 117 Utah 237, at 260, 214 P.2d 626 at 637.

commit larceny or any felony, is guilty of burglary in the second degree."

Sec. 76–1–22 U.C.A.1953 provides that: "No act commited by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time in determining the purpose, motive or intent with which he committed the act."

Thus, a nighttime forcible entry to a house, or an entry without force through an open door, with intent to commit larceny, is second-degree burglary. But, if on account of voluntary intoxication the accused did not have the necessary intent to commit larceny, the jury should take into consideration the evidence of intoxication in determining the existence of the necessary intent.[2] By instruction No. 8 the court explained in great detail to the jury that if the defendant "was intoxicated to such an extent that he was incapable of deliberating or premeditating and to form a specific intent to steal at the moment of entry into the house" then

he should be found not guilty of burglary. This instruction more than covers the requirement of the statute. It even goes further and requires premeditation and deliberation for second-degree burglary, whereas the statute only requires an intent to commit larceny. The additional elements of premeditation and deliberation are elements of murder but are not required for second-degree burglary.[3]

 Appellant further complains that this instruction does not require that the jury be satisfied beyond a reasonable doubt in order to convict the accused. However, many times in the instructions it was expressly and clearly pointed out that such requirement of satisfaction beyond a reasonable doubt was necessary in order for a conviction.

So we find no prejudicial error was committed in this regard.

 2) The second claimed error was also not prejudicial. The jury returned to the courtroom with some questions which they propounded to the court on the difference between second-degree burglary, a felony, and unlawful entry, a misdemeanor with intent to damage the property or annoy

---

2. See State v. Stenback, 78 Utah 350, 2 P.2d 1050, 79 A.L.R. 878; State v. Anselmo, 46 Utah 137, 148 P. 1071; State v. Dewey, 41 Utah 538, 127 P. 275.

3. See State v. Russell, 106 Utah 116, 145 P.2d 1003; State v. Thompson, 110 Utah 113, 170 P.2d 153; State v. Trujillo, 117 Utah 237, 214 P.2d 626. Murder is defined in Sec. 76–30–3 U.C.A. 1953 and second degree burglary in Sec. 76–9–3, U.C.A.1953.

or injure the occupants, under instruction No. 10.[4] Thereupon, the court pointed out that both crimes require the finding of an intent but that for the misdemeanor the intent is "for the purpose of damaging only, not stealing." After further discussion in order to make perfectly clear that in both cases there must be an intent, the court said: "If he is so stupidly drunk that he doesn't know anything, you just as well bring in a verdict of not guilty * * *" This comment did not require a finding that the defendant be so stupidly drunk that he did not know anything in order for the jury to find him not guilty, but it only said that if the jury found that such was the case the finding of not guilty must be returned.

This statement is slightly different in two respects than the statutory requirement. It assumes a finding of intoxication so great that the accused doesn't know anything. A finding of such fact would clearly require a not-guilty verdict, and that is what the court required the jury to return if they so found. The court was then commenting on a situation which was not clearly shown by the evidence. However, the court reached the correct conclusion which would be required under the assumed state of fact. This comment, however, did not alter the previously given written instruction No. 8 to the effect that the question of intoxication should be considered in determining the intent of the accused in entering the home. He merely pointed out what is obvious, that if the defendant enters the home when he is so drunk that he didn't know anything he was not guilty of either burglary or the misdemeanor above mentioned. This statement was clearly not a misstatement of the law. It did not alter the instructions given on the question of voluntary intoxication and did not tell the jury that the accused *must* be so stupidly drunk that he did not know anything in order for them to find him not guilty. So we conclude that this was not prejudicial error. Judgment affirmed.

HENRIOD, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

4. See Sec. 76-9-9 U.C.A.1953, Pocket supplement 1963.