398 P.2d 24

**Calvin H. JOHNSON, Plaintiff and Respondent,**

v.

**CORNWALL WAREHOUSE COMPANY and Ernest James, Defendants and Appellants.**

**No. 10176.**

Supreme Court of Utah.

Jan. 14, 1965.

---

4. Startin v. Madsen, 120 Utah 631, 237 P.2d 834.

5. See statement in Hales v. Peterson, 11 Utah 2d 411, 415, 360 P.2d 822 (1961).

Raymond M. Berry, Salt Lake City, for appellants.

Gayle Dean Hunt, Dwight L. King, Salt Lake City, for respondent.

WADE, Justice:

Defendants, Cornwall Warehouse Company and Ernest James, appeal from a jury verdict judgment against them for damages to plaintiff Johnson for personal injuries to him and damages to his car caused by a collision with a truck at the intersection of Second South and Third West Streets in Salt Lake City. Defendant James was driving the truck as agent for the defendant company through this intersection, coming from the north on Third West Street, where, after stopping at the stop sign, he came into the intersection and turned toward the east. There are stop signs on the north, east and south sides of this intersection, but none on the west side. Just west of the intersection are five railroad tracks running at varying angles toward the northwest. Another railroad track runs north and south, slightly east of the center of Third West Street. Plaintiff came into the intersection from the west, and was just south of the center line of Second South Street as the front end of his car reached a pedestrian lane east of the intersection, when his car was struck by the truck at the left side of its rear end.

This is the second appeal of this case to this court. See Johnson v. Cornwall Warehouse Company, 15 Utah 2d 172, 389 P.2d 710. There the trial court entered a nonsuit in favor of the defendants notwithstanding the jury verdict for the plaintiff. It held that under the evidence plaintiff was guilty of contributory negligence as a matter of law. Before submitting the case to the jury the trial court had previously held that the defendants were guilty of contributory negligence as a matter of law,

refusing to submit that issue to the jury. We reversed both of those holdings. On the new trial the jury again returned a verdict for the plaintiff and defendants again appeal.

Appellants claim erroneous instructions of the jury based on our previous decision and the decision in the case of Bates v. Burns, 3 Utah 2d 180, 281 P.2d 209. That case was a very complicated intersection collision but had very little similarity to the facts here presented.

■ After a careful study of our previous decision, and the authorities cited by the defendant, we conclude that no prejudicial error was committed in the second trial. However, we wish to call attention to the fact that the instructions were not ideal. Fifty different instructions were given. Some were very long, repetitious and contained legal terms with complicated definitions. The object of jury instructions is to enlighten the jury on their problems. Instructions should fit the facts shown, making them as clear in meaning and concise as possible in lay people's language and without belaboring definitions.[1]

The trial court's decision affirmed. Costs to respondent.

HENRIOD, C. J., and McDONOUGH, CROCKETT and CALLISTER, JJ., concur.

1. See State v. Gallegos, 16 Utah 2d 102, 396 P.2d 414; Taylor v. Johnson, 15 Utah 2d 342, 393 P.2d 382; State v. Hartley,

16 Utah 2d 123, 396 P.2d 749 and cases cited therein.