431 P.2d 983

**G. Dayton HUGHES, Plaintiff and Appellant,**

v.

**Richard T. HOOPER, Defendant and Respondent.**

No. 10700.

Supreme Court of Utah.

Sept. 21, 1967.

**390**

Robert W. Hughes, Salt Lake City, for appellant.

Strong & Hanni, and L. L. Summerhays, Salt Lake City, for respondent.

CALLISTER, Justice.

This is an action for personal injuries and automobile damage arising out of an intersection collision. The jury returned a verdict of no cause of action predicated upon its finding that plaintiff, Hughes, was guilty of contributory negligence in failing to keep a proper lookout. Judgment was entered accordingly and plaintiff appeals therefrom.

Plaintiff contends that the evidence does not sustain the verdict and that the trial court should have granted his motion for a directed verdict rather than submit the question of his contributory negligence to the jury.

Viewing the evidence in the light most favorable to the prevailing party below— defendant Hooper—we find plaintiff's contention to be without merit. The accident occurred at the open intersection of 100 South and 600 West Streets in Provo, Utah. There were no regulatory traffic signs controlling traffic at the intersection for either driver. It was daylight, the streets were dry, and the weather clear.

Plaintiff was proceeding north on 600 West and defendant east on 100 South.

Inasmuch as plaintiff was approaching from the right, he had the right of way over the defendant.[1] However, this right is not absolute and one who has it may not claim it in the face of a danger which one exercising due care would see and avoid.[2]

The rights and duties of drivers approaching intersections are questions dealing with the standard of conduct to be expected of a reasonably prudent man and are peculiarly a matter for the jury. Contributory negligence is therefore primarily to be resolved by the trier of the facts since it involves these same rights and duties.[3] It is not to be treated as one of law unless the facts and inferences from them are free from doubt. If there is doubt, the issue is for the jury.[4]

The record in the instant case contains evidence from which reasonable men could differ on whether plaintiff failed to keep a proper lookout. He testified that as he approached the intersection he was traveling not more than 25 miles per hour. He stated that he observed some cars parked on the south side of 100 South which obstructed his view of traffic approaching from the west. On cross-examination, when asked where he was when he first looked to the west, he replied that he was probably not more than 15 or 20 feet from the south entrance to the intersection. At that distance, he stated that he could not see defendant's vehicle. He further testified that it wasn't until the defendant's car was in the intersection and about 15 feet away that he first saw it. This latter was contradicted by the defendant and the investigating officer who testified that plaintiff, shortly after the accident, told them that he had not seen defendant's car until the moment of impact. Plaintiff's automobile left no skid marks.

From the above facts reasonable men could find that plaintiff was not keeping a proper lookout. By his own admission he did not have a clear view of the traffic approaching from the west. He testified that he was aware that the cars parked on 100 South constituted a hazard, but that he didn't have much time to analyze the situation. A jury could reasonably disagree and find that a reasonably prudent man, under the same circumstances, would have slowed down and taken time to analyze the situation.

The fact is that the defendant's vehicle was approaching close to the inter-

1. 41–6–72, U.C.A.1953.
2. Martin v. Stevens, 121 Utah 484, 243 P. 2d 747 (1952); Howe v. Jackson, 18 Utah 2d 269, 421 P.2d 159 (1966); 50 A.L.R.2d 1202, 1206.
3. Williams v. Z. C. M. I., 6 Utah 2d 283, 312 P.2d 564 (1957).
4. Country Club Foods v. Barney, 10 Utah 2d 317, 352 P.2d 776 (1960); Boskovich v. Utah Const. Co., 123 Utah 387, 259 P.2d 885 (1953).

section at the same time as the plaintiff was approaching, and the car was there to be seen. The plaintiff's duty was not fulfilled by merely taking a quick glance, or none. He was charged with seeing what there was to be seen, and it was a jury question as to whether the defendant's vehicle was there to be seen, whether plaintiff fulfilled his duty in keeping a proper lookout and whether his failure, if any, was a proximate cause of the accident.[5]

Affirmed. Costs to respondent.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

---

5. Martin v. Sevens, supra, n. 2; Badger v. Clayson, 18 Utah 2d 329, 422 P.2d 665 (1967).