472 P.2d 428

**Cloyd J. RHINESS and Diane Rhiness, Plaintiffs and Appellants,**

**v.**

**Clarence DANSIE, Defendant and Respondent.**

**No. 11969.**

Supreme Court of Utah.

July 8, 1970.

Harris, Runyan & Pace, Walter P. Faber, of Richards & Watkins, Salt Lake City, for plaintiffs and appellants.

Richard M. Taylor, Spanish Fork, for defendant and respondent.

ELLETT, Justice.

The plaintiffs appeal from a directed verdict in favor of the defendant. The facts are not in dispute. The plaintiffs claim that the inferences to be drawn from those facts would have permitted the jury to find in their favor.

The facts are as follows:

Plaintiffs were driving easterly up Spanish Fork Canyon on U. S. Highway 6–50 at about ten p. m. on February 6, 1968, at a speed between 60 and 65 miles per hour. Their car lights revealed a horse crossing the highway when it was from 300 to 500 feet away. The driver could have stopped the automobile which he was driving in a distance of 271 feet, including the travel during reaction time. Almost immediately after seeing the first horse he saw two other horses also crossing the highway. He applied his brakes and laid down 84 feet of skid marks before impact and then laid down an additional 66 feet carrying one of the horses on his car. The defendant owned land on both sides of the road and owned the horses involved in the collision. He kept them pastured in land on the south side of a railroad track which adjoined the highway.

The railroad maintained a fence between its right of way and the defendant's land and had a gate therein which was used by defendant and others. This gate was kept fastened by means of a chain with a snap on one end.

On the night in question the gate was partially open at the time of the collision. The defendant had been at the property on the day in question and observed at the time he left that the gate was securely fastened.

The defendant's livestock had escaped only four times during the 25 years immediately preceding the night in question. However, they had never before escaped through the gate. As a result of the collision, the plaintiffs suffered substantial injuries.

At the conclusion of the plaintiff's evidence the trial judge granted defendant's motion for a directed verdict pursuant to Rule 50(a), U.R.C.P., upon the ground that the evidence failed to show that de-

fendant was negligent. This is tantamount to granting a motion for a nonsuit, and we must reverse the ruling if the evidence was such that reasonable men could arrive at a different conclusion.[1]

The cause of action was based upon the provisions of Section 41–6–38, U.C.A. 1953, which insofar as material reads:

> No person owning * * * any livestock, shall * * * negligently permit any such livestock to stray upon * * * a public highway, both sides of which are adjoined by property which is separated from such highway by a fence, wall, hedge, sidewalk, curb, lawn or building; * * *. In any civil action brought by the owner, driver or occupant of a motor vehicle * * * for damages caused by collision with any domestic animal or animals on a highway, there is no presumption that such collision was due to negligence on behalf of the owner * * * of such livestock.

In order for the plaintiffs to recover in this action, they must show two things: First, that the highway was fenced on both sides; and second, that the horses got upon the highway through the negligence of the defendant. The mere fact that the animals escaped from the enclosure is not sufficient evidence, standing alone, to justify the submission of defendant's negligence to the jury.

The evidence was to the effect that during deer-hunting season the gate would sometimes be left open by hunters, but the defendant had always removed his livestock from the pasture during deer-hunting season. Other ranchers in the vicinity used the gate, and to substitute a lock for a catch would only make it more difficult for them to use the gate. It would in no manner make it more difficult for the horses to escape, as an animal can no more unfasten a catch than it can open a lock.

The trial court was of the opinion that the evidence would not support a finding of negligence on the part of the defendant, and we agree with him.

The judgment is affirmed, with costs awarded to the respondent.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.

1. Merrill v. Oregon Short Line R. Co., 29 Utah 264, 81 P. 85; 5 Am.Jur.2d, Appeal and Error, §§ 848, 849.