513 P.2d 432

Lula M. ANDERSON, Individually and as personal representative of Oris Eldon Anderson, Deceased, Plaintiff and Appellant,

v.

James B. GRIBBLE, Defendant and Respondent.

No. 13078.

Supreme Court of Utah.

Aug. 16, 1973.

---

2. Warren v. Dixon Ranch Company, 123 Utah 416, 260 P.2d 741 (1953).

W. Eugene Hansen, of Nielson, Conder, Hansen & Henriod, Salt Lake City, for plaintiff-appellant.

D. Gary Christian, of Kipp & Christian, Salt Lake City, for defendant-respondent.

CALLISTER, Chief Justice:

Plaintiff initiated this action on behalf of herself to recover damages for the personal injuries she had sustained and as personal representative of her deceased husband's estate for his wrongful death in an intersection collision near Gunnison, Utah. The matter was tried before the court, sitting with a jury. At the conclusion of plaintiff's presentation of her evidence, defendant made a motion for a nonsuit, which the trial court granted and entered judgment thereon. Plaintiff appeals and contends that from the evidence reasonable minds could differ as to whether defendant was negligent and decedent was contributorily negligent, and, therefore, the trial court erred by its refusal to submit these issues to the jury.

This accident occurred on a clear, sunny morning at about 10:30. Both roads, abutted by fields, were dry, hard-packed, gravelled surfaces. Mr. Anderson was driving his pickup truck in a northerly direction on First West with his wife seated on the passenger's side in the cab. The defendant was traveling in an easterly direction on Sixth South in a cattle truck. Along the south side of Sixth South, there were brush and weeds, attaining the height of three or four feet. Along the west side of First West, there was an elevated ditch with vegetation growing from the bank, the tops of which were situated approximately seven feet above the surface of the road. A large, bushy tree was growing near the southwest corner of the intersection. These obstructions created a blind intersection. The two vehicles collided when the right front of the cattle truck struck the center of the left side of the pickup truck; the point of impact was approximately in the center of the intersection. Mr. Anderson died two hours after the accident. Mrs. Anderson was hospitalized for ten days for her injuries.

The physical evidence indicated that the cattle truck left 52 feet of skid marks, prior to impact. The Anderson vehicle left no skid marks, and there was no sign of any evasive action by Mr. Anderson. Mrs. Anderson testified that they had been traveling at approximately 30 mph. as they entered the intersection. She testified that she had been looking at the fields while driving and she did not see the other vehicle until the moment before they collided.

After the accident the police conducted an experiment to ascertain the point from the intersection at which the driver on one road could first observe an approaching vehicle on the other. The officer estimated that the patrol cars used in the experiment were approximately 5½ feet above

the surface of the road and that the Anderson vehicle was 6 feet and the Gribble truck was 12 feet above the surface of the road. Although the record is not completely clear, the officer appeared to testify that the driver traveling in the direction of the Gribble vehicle, at a point 56 feet west of the intersection could observe a vehicle on the other road at a point 54 feet south of the intersection. He further testified that a vehicle traveling northerly on First West could observe a vehicle 56 feet west of the intersection, but he did not establish the point south of the intersection at which this observation was possible. Although defendant has emphasized these figures to support the conclusion of the trial court that the decedent was contributorily negligent, they in fact, merely emphasize the blind nature of the intersection. The officer testified and later retracted a statement that defendant had informed him that he was driving 35 mph. At 35 mph. a vehicle would travel 51.3 feet per second, at 30 mph. a vehicle would travel 44 feet per second, and at 25 mph. a vehicle would travel 36.6 feet per second; consequently, the vehicles would reach the interesction in approximately one second after the approaching vehicle was observed.

Defendant predicated his motion for nonsuit on the ground that the evidence indicated that Mr. Anderson was negligent in that (a) as he traveled down the road he observed the defendant, but he insisted on his right of way and made no attempt to avoid the accident; or (b) he did not observe defendant and was totally unaware of his approach; or (c) for some reason he refused or was unable to react or respond to the approaching vehicle. The trial court ruled that plaintiff had not established a prima facie case.

██ The motion, although labeled a nonsuit, was a motion for a directed verdict under Rule 50(a), U.R.C.P. Upon a motion for a directed verdict, the trial court is obliged to view the evidence in the light most favorable to the party against whom it is directed.[1] This court will sustain the granting of such a motion only if the evidence were such that reasonable men could not arrive at a different conclusion.[2]

██ Since there was no evidence adduced to establish any basis to impute the alleged negligence of Mr. Anderson to his wife, her action for her damages should have been submitted to the jury if there were sufficient evidence as to defendant's negligence.

The facts of Martin v. Sheffield[3] bear a similarity to the instant action, wherein de-

1. Smith v. Thornton, 23 Utah 2d 110, 458 P.2d 870 (1969).

2. Rhiness v. Dansie, 24 Utah 2d 375, 472 P.2d 428 (1970).

3. 112 Utah 478, 189 P.2d 127 (1948).

fendant asserted that the trial court erred by denying his motion for a nonsuit. Plaintiff approached the intersection from the right; her car left no skid marks prior to impact. Defendant's vehicle left 51 feet of skid marks; there was evidence that defendant's vehicle crashed into the left side of plaintiff's vehicle.

This court observed that since plaintiff was approaching from the right, she had the right of way if she either reached the intersection first or at the same time as defendant (41–6–72(b), U.C.A. 1953). This court stated that there was a basis in the evidence for the jurors to believe that defendant either failed to yield the right of way or that he was traveling at an excessive rate of speed or that both occurred. This court concluded that the record disclosed sufficient evidence of negligence on the part of defendant to make out a prima facie case.

■ In the instant action, reasonable minds could differ as to whether defendant who was bound to anticipate the possibility of other vehicles crossing his line of travel, fulfilled his duty to plaintiff to keep a proper lookout, to keep his truck under safe control, to yield the right of way, and to control the speed under the existing conditions. The trial court erred in not submitting these issues to the jury.

May the trial court's determination, which in effect found Mr. Anderson contributorily negligent, as a matter of law, be sustained?

■ Although a driver has the right of way, he may not claim it in the face of a danger, which one exercising due care would see and avoid.[4]

The rights and duties of drivers approaching intersections are questions dealing with the standard of conduct to be expected of a reasonably prudent man and are peculiarly a matter for the jury. Contributory negligence is therefore primarily to be resolved by the trier of the facts since it involves these same rights and duties. It is not to be treated as one of law unless the facts and inferences from them are free from doubt. If there is doubt, the issue is for the jury.[5]

Mr. Anderson was not obliged to anticipate either the defendant would drive negligently or fail to accord him the right of way, until in the exercise of due care, he observed or should have observed something to indicate the contrary.[6] Since Mr. Anderson had the duty to see what there was to be seen, it was a jury question as to

4. Country Club Foods v. Barney, 10 Utah 2d 317, 352 P.2d 776 (1960); Phillips v. Tooele City Corp., 28 Utah 2d 223, 500 P.2d 669 (1972).

5. Hughes v. Hooper, 19 Utah 2d 389, 431 P.2d 983 (1967).

6. Martin v. Stevens, 121 Utah 484, 494, 243 P.2d 747 (1952).

whether the defendant's truck was there to be seen, whether Mr. Anderson fulfilled his duty in keeping a proper lookout, and whether his failure, if any, was a proximate cause of the accident.

The judgment of the trial court is reversed, and this case is remanded for a trial on the merits. Costs are awarded to plaintiff.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ., concur.