**Rachel Armelinda CINTRON, Plaintiff and Respondent,**

v.

**Elma J. MILKOVICH, Defendant and Appellant.**

No. 16440.

Supreme Court of Utah.

May 16, 1980.

J. Kent Holland, Salt Lake City, for defendant and appellant.

L. L. Summerhays of Strong & Hanni, Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Plaintiff was awarded damages for injuries sustained in an automobile accident which occurred in February 1976 in Midvale, Utah. Defendant contends on appeal that (1) contrary to the jury's finding, she was not guilty of failing to yield the right of way, because plaintiff's vehicle was not an "immediate hazard," (2) the trial court erred in refusing to instruct the jury with respect to a city ordinance involving forfeiture of right of way, and (3) the court engaged in extensive examination of witnesses and thereby impaired defendant's right to a fair trial. We affirm.

The accident occurred at or near the intersection of Center and Allen Streets in Midvale. Plaintiff was westbound on Center Street, a four-lane divided highway. Defendant was northbound on Allen Street and turned left onto Center Street, also westbound. A stop sign controlled traffic approaching the intersection on Allen Street. Plaintiff observed defendant's vehicle first as it approached the stop sign and then as it proceeded into the intersection. When plaintiff realized that a collision was imminent, she braked and then swerved to the right. The cars collided, and both parties sustained personal injuries and property damage.

Plaintiff brought suit against defendant, and defendant counterclaimed. The matter was tried to a jury which found by special verdict that defendant had been negligent in failing to keep a proper lookout and in failing to yield the right of way to plaintiff. The jury also found plaintiff negligent for having failed to keep her vehicle under reasonably safe and proper control and for driving at a speed that was not safe and reasonable under the circumstances. The jury found defendant responsible for 60% and plaintiff 40% of the negligent conduct that caused the collision. Judgment on the verdict was rendered in favor of plaintiff in the amount of $9,991.53, and defendant's counterclaim was dismissed.

Defendant contends on appeal that, pursuant to § 41–6–72.10(2), Utah Code Ann. (1953), as amended, she was required to yield the right of way to plaintiff only if plaintiff's vehicle constituted an "immediate hazard." That statute provides in pertinent part:

(2) Except when directed to proceed by a police officer, every driver of a vehicle approaching the stop sign shall stop at a clearly marked stop line . . .. After having stopped, the driver shall yield the right of way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when such driver is moving across or within the intersection or junction of roadways.

Defendant asserts that plaintiff's vehicle was not an immediate hazard on the basis of testimony that defendant was well into or through the intersection at the time of the collision.

Assuming the validity of that testimony, the conclusion does not follow that the vehicle approaching the intersection on Center Street was not an immediate hazard. In *Richards v. Anderson*, 9 Utah 2d 17, 20, 337 P.2d 59, 61 (1959), an intersection collision case, this Court stated that "[t]here is, of course, no precise set of measurements by which an immediate hazard can be gauged. It must be judged on the basis of common sense in the light of existing circumstances."

In the present case there was testimony that as defendant approached the intersection, she could see the highway where plaintiff was approaching, and that plaintiff should have been visible to defendant as defendant proceeded past the stop sign. Evidence was also presented as to the speed and location of the vehicles up to and after the time of the collision.

The following instruction was given to the jury regarding the existence of an immediate hazard:

You are instructed that an immediate hazard exists whenever a reasonably prudent person having stopped at the entrance to a through highway in obedience to a stop sign, would apprehend the probability of colliding with an oncoming ve-

hicle on the through highway were he then to attempt crossing the said through highway.

Clearly there was evidence to support the jury's finding against the defendant on the issues of the existence of an immediate hazard and of defendant's negligence in failing to yield the right of way. The existence of conflicting testimony is of no warrant. It was the jury's prerogative to determine which evidence was to be credited and to draw reasonable inferences from that evidence, *Marsh v. Irvine*, 22 Utah 2d 154, 449 P.2d 996 (1969); of course we view the evidence in the light most supportive of the verdict. *Johnson v. Cornwall Warehouse Co.*, 15 Utah 2d 172, 389 P.2d 710 (1964).

Defendant's second contention is that there was error in the court's refusal to give the following instruction:

Under the ordinances of Midvale City it is provided that the driver of any vehicle traveling at an unlawful speed shall forfeit any right of way he might otherwise have. If, therefore, you find from the evidence in this case that the plaintiff's vehicle was being driven at an unlawful speed, then I instruct you that the right of way which she might otherwise have had at such intersection would be forfeited.

The jury specifically found that plaintiff was driving at a speed in excess of the posted limit. Defendant contends that plaintiff, pursuant to the city ordinance, forfeited her right of way. But the ordinance did not relieve defendant of her duty to yield the right of way as required by § 41–6–72.10(2) to a vehicle approaching the intersection "so closely as to constitute an immediate hazard."

Assuming, without deciding, that the city ordinance is valid and not inconsistent with the state statute regarding the right of way at an intersection, an issue not raised in this case, the right of way is not transferred to the disfavored driver because the favored driver exceeds the posted speed, *Dorey v. Myers*, 211 Or. 631, 317 P.2d 585 (1957), nor does the ordinance excuse negligence on the part of the disfavored driver. See *Dunnill v. Bloomberg*, 228 Md. 230, 179 A.2d 371 (1962). As stated in 3 Blashfield, *Automobile Law and Practice* § 114.81 (1965), with respect to right of way rules:

A mere violation of traffic regulations governing the right of way at street intersections cannot be made alone the basis for a recovery for an ensuing collision at such intersection, but is merely to be considered by the jury along with other testimony on the issue of whether there was negligence resulting in the collision, such regulations not abolishing the common-law rules applicable to negligence, but merely adding an additional factor to be considered in given situations by which negligence may be measured and determined between conflicting claimants exercising a common right. [Citations omitted.]

In *Country Club Foods v. Barney*, 10 Utah 2d 317, 319, 352 P.2d 776, 777 (1960), this Court set out the following standard:

It is true that the mere fact that a driver has the right of way does not excuse him from exercising due care and keeping a proper lookout to avoid collisions with vehicles failing to yield. However, the nice adjustment of rights and duties of drivers approaching intersections . . . are primarily problems to be resolved by the trier of fact. Only when reasonable minds could not differ in reaching a contrary determination does it become necessary to upset these factual resolutions. [Citations omitted.]

The jury in the case at hand was instructed as to the duties of each driver with respect to speed and right of way and the elements of negligence. The jury's finding of 40% negligence on the part of plaintiff was clearly based at least in part on a consideration of the evidence of plaintiff's speed as she approached the intersection. Although defendant contends the refusal of the trial court to give the requested instruction as to the city ordinance was prejudicial error, the basic issues of defendant's theory of the case were adequately presented to the jury. There was therefore no error in

the omission of the requested instruction. See *McMurdle v. Underwood*, 9 Utah 2d 400, 346 P.2d 711 (1959); *Hardman v. Thurman*, 121 Utah 143, 239 P.2d 215 (1951).

Defendant's final contention is that she was denied a fair trial because the court asked some ninety questions of plaintiff's witnesses and five questions during examination of defendant's witnesses. *State v. Mellen*, Utah, 583 P.2d 46, 48 (1978), states the law as to the judge's authority to examine witnesses as follows:

[I]n a jury trial, a judge should maintain an attitude of neutrality and should not, either by his comments or demeanor, indicate his opinions either as to the credibility of evidence or on the disputed issues of fact. Consistent with the foregoing, the judge should and normally does exercise restraint in examining witnesses, so that he does not unduly intrude into the trial or encroach upon the functions of counsel.

Notwithstanding what has just been said, the judge does have a function beyond sitting as a comparatively silent monitor of the proceedings. In order to discharge his responsibility of carrying out the above-stated objective, it is within his prerogative to ask whatever questions of witnesses as in his judgment [are] necessary or desirable to clarify, explain or add to the evidence as it relates to the disputed issues. [Citations omitted.]

The defendant has not shown that the questioning by the court in this case went beyond clarification, explanation, or addition to the evidence, nor has she shown any prejudice to her position. Her claim of error on this point is therefore without merit.

Affirmed. Costs to Respondent.

CROCKETT, C. J., and WILKINS, MAUGHAN and HALL, JJ., concur.