**F I L E D**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SUZANNE BAGLEY,

      Plaintiff-Counter-
Defendant - Appellant,

v.

WELDON D. BAGLEY and
JAMES V. BAGLEY,

      Defendants-Counter-
Claimants - Appellees.

No. 01-4185
D.C. No. 98-CV-408-TS
(D. Utah)

ORDER AND JUDGMENT *

Before **KELLY** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Suzanne Bagley brought this action seeking damages for injuries she suffered after her vehicle struck appellees' bull, which was loose on the road after dark. Exercising diversity jurisdiction, the district court granted appellees' motion for summary judgment, concluding that there was no evidence of appellees' negligence in allowing the bull to stray or remain unaccompanied on the highway. [1] The sole issue on appeal is whether the district court erred in granting the motion. Upon careful consideration of the record and the parties' arguments on appeal, we affirm.

## I.

Due to the nature of this dispute, it is unnecessary to repeat in entirety the district court's detailed recitation of facts leading to this unfortunate accident. The undisputed facts show that on the day of the accident appellees were moving cattle to different pastures, using the Cattlemen Association's holding corrals adjacent to Utah State Road 62 to separate and hold the animals. Appellees' bull was placed in one of the corrals, either alone or with several cows, and the gate was secured. At dusk, appellees were moving a load of cattle by trailer when, at some point, they noticed a stray bull, on or near the road. After identifying the bull as their own, one appellee went to the corral and verified that the bull was

---

[1]    Appellees' counterclaim for the loss of the bull was dismissed and is not being appealed.

gone, but the gate was still latched shut. At the same time, appellee's son ran down the opposite side of the road, circled the bull, and began to coax it back to a corral. Within two minutes from the time that appellee's son ran after the bull, appellant drove into the area. As her car approached, the bull abruptly turned and stepped onto the road. Appellant's car struck the bull, killing it; appellant was severely injured by the collision. After the accident, one appellee rechecked the corral and found the gates still closed and mud smears on the corral fencing indicating that the bull had jumped out.

## II.

When reviewing a diversity action, we look to state substantive law, but we follow federal law in determining the propriety of the district court's grant of summary judgment. *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1016 (10th Cir. 2001). "We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is proper if the moving party shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "[A]n issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." *Simms*, 165 F.3d at 1326.  In considering whether summary judgment was appropriate, "we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party."  *Id.*

## III.

As correctly noted by the district court, liability for accidents caused by livestock straying on a highway in Utah must be predicated on negligence or willfulness by the owner or person in possession or control of the animal.  *See* Utah Code Ann. § 41-6-38(1).  However, "there is no presumption that the collision was due to negligence on behalf of the owner or the person in possession of [the] livestock."  *Id.* § 41-6-38(3).  "To prove negligence, a plaintiff must show four things: duty, breach of duty, causation, and damages."  *Gerbich v. Numed Inc.*, 977 P.2d 1205, 1207 (Utah 1999).

Appellant argues that the district court erred in concluding that there were no genuine issues of material fact demonstrating appellees' negligence.  In response to the motion for summary judgment in the present case, appellant disputed a number of statements of fact put forth by appellees.  The district court

noted those disputes, but found that none were material to the questions of whether appellees were negligent either by allowing the bull to escape or by failing to warn appellant in the brief period of time that appellees were aware of the stray animal.

We agree with the district court's assessment of the case. In light of the undisputed material facts, the district court correctly determined, as a matter of law, that a reasonable jury would not find in favor of appellant. *See Liberty Lobby,* 477 U.S. at 251-52. Setting aside the disputed issues that were either irrelevant or unnecessary to the outcome of the suit, the district court was left only with evidence that the animal somehow escaped. However, under Utah law "[t]he mere fact that the animal[] escaped from the enclosure is not sufficient evidence, standing alone, to justify the submission of defendant[s'] negligence to the jury." *Rhiness v. Dansie*, 472 P.2d 428, 430 (Utah 1970).

**IV.**

Appellant also argues that the district court erred in interpreting Utah Code Ann. § 41-6-38(2). That section states:

> A person may not drive any livestock upon, over, or across any highway during the period from half an hour after sunset to half an hour before sunrise, without keeping a sufficient number of herders with warning lights on continual duty to open the road to permit the passage of vehicles.

Appellant contends that a reasonable jury could believe that when the son of one of the appellees attempted to recapture the bull he was "driving" the bull on the highway; therefore, appellees violated the statute by not using warning lights. We disagree. Appellant's reading of the statute ignores the essential difference between § 41-6-38(1), prohibiting a person from wilfully or negligently permitting non-range livestock to stray or remain unaccompanied on a highway, and § 41-6-38(2), concerning the intentional act of herding livestock on or across a highway. Our reading of the statute as a whole convinces us that the plain language of subsection two does not apply to the particular facts presented by this case. Our conclusion is in accordance with Utah law, which draws a distinction between the intentional act of herding or otherwise allowing livestock to run at large and an attempt to recapture an errant animal. *See Hornsby v. Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*, 758 P.2d 929, 934-35 (Utah Ct. App. 1988).

Accordingly, for substantially those reasons articulated in its order filed August 9, 2001, the judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge

-6-